## HOLCOMBE vs. THE STATE.

1. A witness may testify that he wrote a letter addressed to a particular individual; but he will not be permitted to disclose the contents, unless the foundation is first laid to let in this secondary evidence.

2. When the case is not only fairly but favorably submitted to the jury, and there is sufficient proof to sustain the verdict, the court will reluctantly interpose, especially where there is reason to believe that the jury understand the character of the witnesses, and of the accused, better than the court.

Indictment, for forgery, in Fayette superior court. Tried before Judge BULL, September Term, 1858.

The plaintiff in error was indicted and found guilty of forgery. He moved for a new trial on the following grounds:

1st. Because the verdict was contrary to evidence.

2nd. Because the verdict was contrary to law.

3rd. Because the verdict was contrary to the charge of the court, in this, that the court charged, that the presumption of guilt arising from the possession, by defendant, of the alleged forged deed at any particular time,

Holcombe vs. the State.

might be rebutted by shewing that another person had possession of the same deed at some prior period.

4th. Because the court refused to permit defendant's counsel to ask a witness on the part of the State, if he did not write a letter to J. J. Whitaker, to claim for him the lot mentioned in the deed, but only allowed counsel to ask him if he had written a letter.

The court refused the motion for a new trial, and defendant excepted.

J. M. & W. L. CALHOUN, and WHITAKER & BATES, for plaintiff in error.

Sol. Gen. T. L. COOPER, *contra*.

*By the Court.*—LUMPKIN, J., delivering the opinion.

There are but two exceptions in this case; one the refusal of the judge to permit Holliday to testify as to the contents of the letter he wrote to Judge Whitaker, and the other that the verdict was contrary to the evidence and the charge of the court.

1. As to the first, we see nothing to vary this case from the ordinary rule of evidence, that while it was allowable for the witness to state the fact that he had written a letter, yet he could not go further and testify as to the contents, unless the foundation was first laid to let in this secondary proof.

2. It is possible that the weight of evidence is against the verdict, still there is proof sufficient to justify it. Jeremiah Walker, the ostensible grantor, swears that the deed is a forgery; and Holliday states positively, that the deed, with other title papers to the land in dispute, in Pike county, was transmitted to him through the mail by the defendant, who had previously promised to furnish him with these conveyances; and that he would send

them in this way.   The case was not only fairly but favorably submitted to the jury by the judge ; and they, in the exercise of their rightful prerogative, have seen fit to believe Holliday, rather than Isaac Holcombe, the son of the accused.

We apprehend the jury understood this case, and the witnesses, as well as the party implicated—better than we do.

Judgment affirmed.