### 7356. BLOUNT v. THE STATE.

RUSSELL, C. J. 1. Under the facts of this case it does not appear that the trial judge abused his discretion in refusing to grant a continuance on account of the absence of one of the defendant's witnesses (his daughter) ; for upon the hearing of the motion it was shown that testimony as to the facts expected to be elicited from the absent witness could be had from other witnesses then present (also his children), and upon the trial the same facts were testified to by the other witnesses. Penal Code, §§ 987, 992. Under such circumstances a motion for continuance may sometimes be overruled without an abuse of discretion, even though in other respects a complete legal showing as to continuance be made. *Huffman* v. *State,* 95 *Ga.* 469 (20 S. E. 216).

2. The ground of the motion for a new trial assigning error upon a remark of the solicitor-general, alleged to be improper, can not be considered, for the reason that it fails to aver that the comment or conclusion of the solicitor-general was not referable to any evidence adduced upon the trial; and in other respects also the assignment is incomplete. *Floyd* v. *State,* 143 *Ga.* 287 (5), 289 (84 S. E. 971).

3. No material error appears in the instructions complained of in other grounds of the motion for a new trial.

4. No error appears in the refusal to grant a new trial because of alleged newly discovered evidence. A complete counter-showing was made by the State, and the trial judge did not abuse the wide discretion vested in him in overruling this ground of the motion.

5. The evidence, while circumstantial and in some respects weak and unsatisfactory, was sufficient to authorize the verdict returned, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed.*

DECIDED MAY 30, 1916.

Accusation of larceny; from city court of Carrollton. February 22, 1916.

*Smith & Smith,* for plaintiff in error.

*C. E. Roop, solicitor,* contra.