6646.   CENTRAL OF GEORGIA RAILWAY COMPANY *v.* DELOACH.

BROYLES, J.   1. Where a widow brings an action against a railroad company for the homicide of her husband, an employee of the defendant company, and fails to allege in her petition that no administrator or executor has been appointed at the time of filing her suit, the petition is subject to special demurrer. Civil Code of 1910, § 2782; *Williams* v. *Western & Atlantic R. Co.,* 142 *Ga.* 696 (83 S. E. 525) ; *Crummey* v,

*Bentley,* 114 *Ga.* 746 (40 S. E. 765). There was no special demurrer to the petition in this case, and the court did not err in overruling the general demurrer.

2. "Where a widow institutes an action against a railroad company for the homicide of her husband, and the petition alleges facts sufficient to show a cause of action under the State law, and makes no reference to any engagement of the deceased person in interstate commerce, and the defendant files an answer which merely denies 'as untrue' the several paragraphs of the petition, such denial does not extend beyond a denial of the facts specifically alleged. (*a*) Where in such an action the defendant desires to defeat the widow's right to sue, by proof of facts tending to show that at the time of the catastrophe her husband was engaged in interstate commerce under his employment by the defendant, it is incumbent upon the defendant to specifically plead such new facts. (*b*) In the absence of such a plea it is not erroneous to repel evidence relied on to show that the plaintiff's husband was engaged in interstate commerce under his employment by the defendant, on the ground that the plea does not raise such question." *Louisville & Nashville R. Co.* v. *Barrett,* 143 *Ga.* 742 (85 S. E. 923). Under this ruling it was not error, in the absence of such a plea as that mentioned above, for the court to reject evidence offered by the defendant which tended to show that at the time of the homicide both the defendant and the husband of the plaintiff were engaged in interstate Commerce. See also Roberts on Injuries to Interstate Employees, § 161.

3. This court has repeatedly ruled that an assignment of error upon the refusal of the trial court to award a nonsuit will not be considered where the case has proceeded to a verdict for the plaintiff, and exception is taken to the overruling of a motion for a new trial, which contains the ground that the evidence is insufficient to support the verdict.

4. This suit was brought to the July term, 1914, of the city court of Millen, and at that term the defendant filed its answer. The suit was brought under the State law, and neither the petition nor the answer contained anything tending to show that at the time of the homicide of the plaintiff's husband (an employee of the defendant), the defendant and the employee were engaged in interstate commerce. After the plaintiff had introduced her evidence and closed, and after a motion to award a nonsuit had been denied, the defendant offered evidence tending to show the engagement of the parties in interstate commerce. The court, upon objection from the plaintiff, repelled this testimony, on the ground that it was not authorized by any pleading in the case. The defendant thereupon offered an amendment to its original answer, setting up that, at the time of the homicide, both the defendant and its deceased employee were engaged in interstate commerce, and that the case should be tried under the Federal "employer's liability act," instead of under the State law upon that subject. This proffered amendment was disallowed by the court, as the record discloses,. "because said amendment came too late, and for the further reason that counsel's affidavit to said amendment fails to state that by the use of ordinary diligence he could not have discovered the facts set out in said amend-

ment." In our judgment the court erred in disallowing the amendment on the grounds stated. Under the facts in this case it was in effect a plea to the merits, and consequently was not offered too late. The Federal law upon the subject is in several particulars more favorable to the defendant in this case than is the State law. The plaintiff could, under the State law, recover the full value of the life of her husband, while under the Federal law the financial benefit which might reasonably be expected from her husband in a pecuniary way is the only damages which she could recover. Michigan Central Ry. Co. *v.* Vreeland, 227 U. S. 59 (33 Sup. Ct. 192, 59 L. ed. 417). Under the Federal law no presumption of negligence arises against the railroad company, while under the State law it does. *Charleston & Western Carolina Ry. Co.* v. *Brown*, 13 *Ga. App.* 744 (79 S. E. 932). Under the Federal act the suit must be brought by the personal representative of the deceased employee, and can not be prosecuted by the widow in her own name. Where a plea sets up anything which would *diminish* the defendant's liability to the plaintiff, it is a plea to the merits. *Southern Ry. Co.* v. *Ansley*, 8 *Ga. App.* 325, 328 (68 S. E. 1086). It was not necessary for the verifying affidavit of defendant's counsel to state that by the use of ordinary diligence he could not have discovered the facts set out in the amendment. The point that *counsel* had no right to make the affidavit was not raised in the lower court and will not be considered here.

5. The error in disallowing the amendment to the plea, however, was harmless, as the evidence offered by the defendant to support the proffered amendment was not sufficient to show that at the time of the homicide both the defendant and the deceased employee were engaged in interstate commerce. *Louisville & Nashville R. Co.* v. *Barrett*, supra.

6. The court's charge upon the subject of the measure of damages, while somewhat meager, was not, in the absence of a timely written request for fuller instructions upon that subject, erroneous.

7. In giving in charge to the jury section 2782 of the Civil Code, the court said: "There are some portions of section 2782 which you will not consider. You will regard only such portions as are applicable to this case." The court should have instructed the jury as to what parts of the code-section mentioned were applicable and what were not; but under the facts of this case this error does not require the grant of a new trial.

8. It was not error for the court to omit to charge the jury that the plaintiff could not proceed with her suit unless she showed that there had been ño administrator or executor appointed at the time of the filing of the suit. This question had not been raised by the pleadings and was not an issue in the case.

9. The court, in charging upon the pleadings, instructed the jury that the defendant denied "the allegations of the 5th up to the 15th paragraphs of plaintiff's petition," when in fact the defendant in its answer denied also the 15th, 16th, and 17th paragraphs of the petition. This inadvertent error does not, however, require a new trial, for the court instructed the jury that the pleadings of both parties would be sent out

with them to the jury-room, and accordingly the jury could see therein that the above-named paragraphs were denied in the defendant's answer; and the court, in other parts of the charge, sufficiently indicated to the jury that the defendant denied these three paragraphs of the petition. Moreover, when the judge made this error, counsel for the defendant should have called his attention to the inaccuracy and given the court an opportunity to correct it.

10. There were some other inaccuracies in the charge of the court, but none that require the grant of a new trial.

11. It is not shown that the verdict (for $15,084) was excessive.

12. There was evidence to authorize the verdict, and the court did not err in overruling the motion for a new trial.          *Judgment affirmed.*

DECIDED JULY 6, 1916.

Action for damages; from city court of Millen—Judge T. L. Hill. April 19, 1915.

*Lawton & Cunningham, H. W. Johnson, Saffold & Jordan, Dixon & Dixon,* for plaintiff in error.

*Oliver & Oliver, A. S. Anderson,* contra.

NOTE.—A writ of error from the Supreme Court of the United States was granted in this case.