### 11854. JABALEY *v.* THE STATE.

Approval with such qualifications as were made by the trial judge as to the truth of the special ground of the motion for a new trial in this case is not a sufficient approval.

Where a remark of counsel in argument to the jury, alleged to be improper, is the basis of a ground of a motion for a new trial, the ground should aver that the remark was not referable to any evidence introduced on the trial.

The prosecuting attorney's statement in his argument to the jury, complained of as being improper and prejudicial to the accused, introduced no fact, but was merely a forcible and possibly an extravagant method of impressing upon the jury the gravity of the offense and their duty in relation to it.

There was evidence to support the verdict of guilty, and, the trial judge having approved the verdict, this court can not interfere with it.

DECIDED DECEMBER 16, 1920.

Accusation of misdemeanor; from city court of LaGrange — Judge Duke Davis. September 11, 1920.

The accused was charged with assault and battery upon a certain woman. She testified, that she was working in his store as a milliner, and was in the rear part of the store, trimming and shaping a hat, when he came to her from the front of the store and showed how he wished the hat to be finished, after which he caught her by the arm, "mashed" her arm three times, leaned his face over close to hers, and said, "Give me some sugar;" that they were alone, and she was frightened by what he had done, and jumped up, began crying, and started out of the store, the defendant preceding her and insisting that he "did not mean anything;" and she left the store and did not work for him again; she was married and living with her husband, and had given the defendant no cause to conduct himself as he did.

In an amendment to the motion for a new trial it is alleged, that the court erred in not sustaining the defendant's motion for a mistrial, made at the conclusion of the argument of one of the prosecuting attorneys, because of his inflammatory and improper remarks to the jury, set out in the amendment and alleged to have been prejudicial to the movant; and that the court did not reprove counsel for the remarks or instruct the jury in regard to them. In connection with this amendment the trial judge made the following statement: "The recitals of fact contained in the foregoing amendment to the new trial in said case are hereby approved as true and correct, except that defendant's counsel, in his objection above set forth, did not at any time during the trial specify any particular remark of State's counsel or call the court's attention to any objectionable remark of State's counsel, but objected to the argument of State's counsel in whole as being inflammatory and improper, and was made after State's counsel had concluded, and at no time called the court's attention to the particular remarks excepted to."

The remarks referred to were as follows: "It is one of the most awful offenses I have ever seen since I have been practicing law. One of the objects of the enforcement of the criminal law is to deter the defendant and others from a repetition of a similar offense. If the defendant is guilty as disclosed by the evidence submitted by the State, he should be punished. One of the

principal reasons recognized by the law as the reason a man who commits an offense such as this man is charged with should be punished to deter others from doing the same thing; and if he is guilty I want him punished severely, so that the homes of the citizens of this State will be protected, so that my wife, your wife, and the wife of every citizen of Georgia will be protected. If you believe that this defendant is guilty, so find, and by your verdict say to others who might be disposed to do a thing of this sort that you will meet with proper punishment at the hands of the court of Georgia. A man may be guilty in the State of Georgia of assault and battery when he strikes another in anger. The law also says, to touch a virtuous woman in the way of illicit love is a far greater outrage than to touch her in anger. Gentlemen, a man who commits a crime such as it is contended by the State this defendant committed, the violence on his part issues from the passion which, unrestrained, culminates in rape. You have heard me read to the court in your hearing the law as it is written in the case of *Goodrum* v. *State of Georgia* [60 *Ga.* 509,], in which the principles I have discussed are laid down. I say that the prosecutor in this case, who is the husband of the woman who is claimed by the State was assaulted by the defendant, is to be highly commended in the course he has pursued. When a man commits an offense of the kind that is charged against this defendant, and the woman who is assaulted is a married woman, it is nothing but natural to suppose that the husband of that woman feels like taking a gun and killing a man who is guilty of such conduct. The chances are that, if it had been my wife or your wife, we would have felt like doing something of that kind, but, gentlemen, the law does not permit a thing of this sort, and the law makes it the duty of the husband to present the matter to the courts and there let whatever appertains to justice be done. The prosecutor has done this. He has preferred in this court a charge against this man, and has left it up to the jury of Troup county to decide whether or not this defendant is guilty of a violation of the law. I say that the prosecutor is to be commended in his action in the matter."

*E. T. Moon,* for plaintiff in error.

*L. L. Meadors, solicitor, L. B. Wyatt,* contra.

BLOODWORTH, J. 1. The only ground of the amendment to

the motion for a new trial alleges error in the refusal of the judge to declare a mistrial "because of certain statements and improper remarks made to the jury" by one of the attorneys for the prosecution. For two reasons this court is not called upon to consider this ground of the motion.

(*a*) The statement of the trial judge in connection with this ground amounts to a disapproval thereof. "If the judge approve the ground of the amendment without more, this is a sufficient approval, but an express approval with certain added qualifications is not an unqualified approval of the ground as true." *New* v. *State,* 26 *Ga. App.* 5 (2) (105 S. E. 50), and cases cited. And see *Adamson* v. *Bradley,* 147 *Ga.* 328 (93 S. E. 894).

(*b*) "The ground of the motion for a new trial assigning error upon a remark of the solicitor-general, alleged to be improper, cannot be considered, for the reason that it fails to aver that the comment or conclusion of the solicitor-general was not referable to any evidence adduced upon the trial." *Blount* v. *State,* 18 *Ga. App.* 204 (2) (89 S. E. 78). However, the argument of counsel "introduced no fact, but was merely a forcible and possibly an extravagant method adopted by counsel of impressing upon the jury the enormity of the offense and the solemnity of their duty in relation thereto." *Patterson* v. *Slate,* 124 *Ga.* 409 (52 S. E. 535). "What the law forbids is the introduction into a case, by way of argument, of facts not in the record and calculated to prejudice the accused." *Taylor* v. *State,* 121 *Ga.* 354 (49 S. E. 360). "In a prosecution for a homicide, a statement by the prosecuting attorney in his argument, expressive of his opinion of the defendant's guilt, and his characterization of the crime as being diabolical, should be construed to mean that the testimony led him to this conclusion. In the absence of anything to the contrary, the solicitor's remarks will be regarded as a deduction from the evidence." *Floyd* v. *State,* 143 *Ga.* 289 (84 S. E. 972). See also Civil Code (1910), § 4957; *McLeod* v. *State,* 22 *Ga. App.* 241 (5) (95 S. E. 944), and cases cited.

2. The judge approved the verdict, which had some evidence to support it, and this court cannot interfere.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*