16485. HOLLOWAY *v.* MAYOR AND ALDERMEN OF MILLEDGEVILLE.

STEPHENS, J. 1. Where damages were alleged against a city as resulting from alleged negligent maintenance of certain of its streets under the conditions narrated in the report of this case in 32 *Ga. App.* 734 (124 S. E. 802), in passing upon a demurrer to the petition, a charge of the court which, in stating the plaintiff's contentions, narrated only one of the contentions as a ground of negligence was not error where the court did not expressly so limit the contentions of the plaintiff, but invited the jury to an inspection of the petition for an ascertainment of the contentions of the parties.

2. Where, in a suit against the city to recover damages for personal injuries suffered by the plaintiff as the result of the overturning in a street of the city of an automobile in which the plaintiff was riding and which was driven by another person, it was inferable from the evidence that the plaintiff's injuries were caused either by the negligence of the defendant or by the negligence of the driver, whose negligence was not imputable to the plaintiff, it was error prejudicial to the plaintiff for the court to instruct the jury that if the driver could have avoided the occurrence by ordinary care, the plaintiff could not recover. Such charge imputed the negligence of the driver to the plaintiff.

3. While husbands are in fact frequently amenable to the commands of their wives, the law does not place the husband in such a subservient situation. While the husband, when operating an automobile in which

---

Appeal and Error, 4 C. J. p. 1036, n. 69.

Evidence, 22 C. J. p. 563, n. 81.

Municipal Corporations, 28 Cyc. p. 1489, n. 46; p. 1518, n. 22; p. 1519, n. 28; p. 1520, n. 29.

Negligence, 29 Cyc. p. 549, n. 50; p. 550, n. 59; p. 635, n. 68; p. 645, n. 50; p. 649, n. 84 New.

Trial, 38 Cyc. p. 1600, n. 51; p. 1610, n. 96; p. 1618, n. 36.

the wife is riding but which does not belong to her, may follow the wife's suggestions and obey her commands as to the course to be pursued along the highway, such does not, as a matter of law, constitute the husband the agent of the wife, or establish such a relationship between them as to impute to the wife the negligence of the husband in operating the automobile in such a manner that it falls into a ditch along the highway and injures the wife. Civil Code (1910), § 3475; *Southern Ry. Co. v. King,* 128 *Ga.* 383 (2) (57 S. E. 687, 11 L. R. A. (N. S.) 829, 119 Am. St. R. 390).

4. It was error to instruct the jury that certain acts in the handling of the automobile by the driver constituted negligence. Whether such acts constituted negligence was a question for the jury.

5. Where there was no evidence that the driver of the automobile was intoxicated, it was error prejudicial to the plaintiff for the court in his charge to the jury to state that in determining whether the driver was negligent the jury could consider whether the driver was under the influence of strong drink "which he may have taken previous to the occurrence."

6. The following in the charge was argumentative and calculated to prejudice the case of the plaintiff, and was therefore error: "Calamities and casualties are common to all, but because they occur it by no means follows that such as may be so unfortunate are entitled to recover compensation in damages out of some other person . . who may be able to pay damages, unless the person" causing the damage fails to exercise ordinary care and diligence.

7. In view of the allegations in the plaintiff's petition, indicated in 32 *Ga. App.* 734 (2), the court erred in instructing the jury that the lawful act of the city in placing an obstruction in the street was "an act of prudence on the part of the city," and not negligence. It was a question for the jury whether such act, under all of the circumstances, was negligent.

8. The fact that the placing of a guard-rail at places similar to the one on the street where the injury complained of occurred was not customary is incompetent as tending to prove that the city, in failing to place such a guard-rail, was not guilty of negligence. The evidence to this effect was improperly admitted.

9. The testimony of a witness that, in his opinion, the wrecking of the automobile was caused by its going too fast or by turning too short, or by carelessness in its operation, was merely the opinion of the witness, and such evidence was improperly admitted.

10. Except as above indicated, no error appears.

*Judgment reversed. Bell, J., concurs.*

JENKINS, P. J., concurs in the judgment.

DECIDED FEBRUARY 18, 1926.

Action for damages; from Baldwin superior court—Judge Park. April 15, 1925.

*Allen & Pottle,* for plaintiff.

*Hines & Carpenter, Henry C. Hammond,* for defendant.