26242. WILSON *v.* LOEWUS.

FELTON, J.  1. Where a petition set forth six acts of negligence on which an alleged right to recover was based, and the court in charging the jury stated only three of them, a new trial will not be granted where the court several times subsequently charged the jury in substance that in determining whether the defendant was negligent they would be confined to the specifications of negligence in the plaintiff's petition. Such a failure to state all of the alleged acts of negligence did not have the effect of eliminating some of them from the consideration of the jury, under the entire charge in this case. *Holloway* v. *Milledgeville*, 35 *Ga. App.* 87 (132 S. E. 106).

2. The charge of the court, that "some of the particulars of negligence alleged are withdrawn from your consideration," was not error for the reason assigned, namely, that it was followed by a statement of only three alleged acts of negligence, which had the effect of withdrawing from the consideration of the jury another act of negligence relied upon. This is especially true since the court in another part of the charge left it entirely with the jury to determine which acts of alleged negligence should be considered by them, in charging that the only negligence they would consider would be such negligence as they might believe from the evidence to have been the proximate cause of the injury.

3. The contention that the court erred in submitting to the jury the question whether or not the plaintiff was negligent in riding a bicycle at night without lights, for the reason that the evidence was silent as to whether the bicycle had lights or not, is without merit, for the reason that the bicycle itself was introduced in evidence, and a picture of it, attached to the motion for new trial, shows that there was no light on the front or rear thereof, and because a witness testified that the bicycle was in the same condition at the time of the trial that it was at the time of the accident.

4. There was no error in submitting to the jury the question whether the plaintiff, riding as a guest on a bicycle with a boy companion, was chargeable with the negligence of such companion in the operation of the bicycle at night without lights; because if the jury found that the operator was negligent in riding the bicycle at night without lights, it would necessarily be found that the guest also was negligent in double-riding on the bicycle at night without lights, and that a joint enterprise and control resulted in the double-riding of a girl's bicycle to the extent of charging the guest with negligence as to the double-riding on the bicycle at night without lights. The submission of the question of ownership of the bicycle by the guest, in the absence of any evidence that he owned it, was not error, in view of the above.

5. Likewise there was no error in submitting to the jury the question whether there was a violation, attributable to the plaintiff, of an ordinance of the City of Atlanta, as follows: "It shall be unlawful for the operator of any bicycle or motorcycle when upon the public streets to carry another person upon the handle-bars, frame, or tank of such vehicle, or for any other *person* to so ride upon any such vehicle," it being contended that there was no evidence showing that either rider was on the handle-bars, frame, or tank of the bicycle. The plaintiff guest testified that the bicycle was a girl's bicycle and that the operator was "pulling" him on the wheel. The inference was authorized that the plaintiff was on the seat, which is part of the frame, or the handle-bars, and that the operator was standing on the pedals.

6. There is no merit in any of the assignments of error. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 29, 1937. REHEARING DENIED NOVEMBER 26, 1937.

*T. J. Lewis, John T. Dennis,* for plaintiff.
*Haas, Gambrell & Gardner,* for defendant.