## 31314. LINEBARKER v. THE STATE.

DECIDED SEPTEMBER 24, 1946.

*Duke Davis,* for plaintiff in error. *P. T. Hipp,* contra.

BROYLES, C. J. Julia Linebarker, a negro woman, was convicted of the offense of maintaining a lewd house; her motion for a new trial was overruled, and that judgment is assigned as error.

Two or three witnesses testified that the general reputation of her dwelling-house was bad for lewdness, and six witnesses testified to the contrary. However, of course, the jury were authorized from the testimony to find that the general reputation was that her dwelling was a lewd house. But did the evidence show, beyond a reasonable doubt, that fornication or adultery had actually been committed therein? The evidence disclosed the following facts: A county policeman went to defendant's house in the afternoon and found there her and her husband and several other negro men and women. He also found a white man, William Barrintine and a white woman, Ann Roberts, together in a room, who were not man and wife. There was a fire in the room and a quart bottle of whisky. The man was "crawling out" of the bed in the room, and was undressed, and Ann Roberts was "putting on her coat." The bed appeared to have been used. The policeman did not see Ann Roberts in the bed.

Ann Roberts, sworn as a witness *for the State,* testified as follows: William Barrintine is not my husband and is no relation of mine. I was with him in the defendant's home when the policeman arrived. Barrintine rented the room from the defendant and paid her $3 for it. I had never been there before. I asked the defendant about her place, and she said it was all right and we *would not get caught for drinking.* We had been there *just a few minutes when the officer came.* That time we spent in talking and drinking. The defendant agreed to cook us a meal. *"I did not get in the bed. I did not go there for immoral purposes and no immoral acts were committed."* That testimony of Ann Roberts,

*a witness for the State,* was not contradicted by any other evidence, and there was no contention by the solicitor that he had been entrapped by the witness. There was no evidence whatever that authorized a finding that Ann Roberts and Barrintine had actually committed fornication or adultery on that occasion in the house in question. Furthermore, if there were any evidence tending to show otherwise, it was wholly circumstantial and was insufficient to exclude every other reasonable hypothesis except that of her guilt. Under the undisputed evidence one reasonable hypothesis is that the couple went to the house for the sole purpose of getting and drinking whisky, which they got and drank.

Another reasonable hypothesis is that if they did have the intent to commit fornication or adultery there, they did not actually do so, because the policeman arrived and entered the room *before* any such offense had been committed, the uncontradicted testimony of Ann Roberts, a witness for the State, being that she and Barrintine had been there "only a few minutes" when the policeman arrived. Further, her uncontradicted testimony was that she had never been on the bed, and that no immoral act had been committed by her on that occasion. It must be borne in mind that Ann Roberts was not the defendant or a codefendant in this case, but was testifying *as a witness for the State* against the negro defendant Linebarker. There was no evidence whatever tending to show that on any other occasion fornication or adultery had been committed in that house. The burden was upon the State to prove two things: 1. The general reputation of the house or its inmates, or both, for lewdness; and 2. "The essential fact that fornication or adultery was actually committed at the house." *Ward* v. *State,* 14 *Ga. App.* 110 (80 S. E. 295) ; *Wilkes* v. *State,* 23 *Ga. App.* 727 (99 S. E. 390) ; *Pirkle* v. *State,* 68 *Ga. App.* 52, 54 (22 S. E. 2d, 104).

In our opinion, the verdict was contrary to law and the evidence. As this decision is controlling in the case, the special assignments of error are not considered.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*