36004.   FRAZIER *v.* THE STATE.

DECIDED JANUARY 11, 1956.

*R. L. Addleton, Leward Hightower,* for plaintiff in error.

*Andrew J. Whalen, Jr., Solicitor-General,* contra.

TOWNSEND, J. ■ Headnote 1 needs no elaboration.

■ A house may be a "lewd house" although it is chiefly de-voted to the carrying on of some other trade. *Smith* v. *State,* 52 *Ga. App.* 88 (6) (182 S. E. 816). In a prosecution for keeping a lewd house, evidence of the general reputation of the establishment and its inmates for lewdness is admissible, but it, without more, is insufficient to support a conviction. *Ward* v. *State,* 14 *Ga. App.* 110 (1) (80 S. E. 295). In *Linebarker* v. *State,* 74 *Ga. App.* 262 (39 S. E. 2d 730) it is stated: "A person can not be legally convicted of maintaining a lewd house unless the proof shows that the general reputation of the house or its inmates, or both, was that it was a lewd house, and also that fornication or adultery was *actually* committed in the house." It is not, however, necessary that the State should show any particular act of fornication or adultery, if the evidence, either directly or circumstantially, is such as to satisfy the jury that the house was kept and maintained as a lewd house and that, nothwithstanding lack of proof as to any particular act "the circumstances are such as to satisfy the jury that the practice of fornication and adultery actually went on in the house." *Fitzgerald* v. *State,* 10 *Ga. App.* 70 (5) (72 S. E. 541). See also *Wilkes* v. *State,* 23 *Ga. App.* 727 (99 S. E. 390). To convict the owner of the establishment it is of course also necessary to show knowledge, actual or implied, on the part of the person charged. *Bolden* v. *State,* 88 *Ga. App.* 871 (3) (78 S. E. 2d 368).

The bad reputation of the house and the woman staying there was established. The State further established by direct evidence that this woman proposed to go into a back room with the State's witness to "have a date" and was taking off her clothes for that purpose, but was prevented by the arrival of the sheriff. No particular act of fornication or adultery on the premises was shown, but a witness testified that he had frequently, at least more than 4 times, seen the same woman who it was established took a man into the bedroom for this purpose without accomplishing it, on other occasions take men into the back room for some purpose and, on returning, hand the defendant money. The witness could not and did not testify that any particular act of fornication or

adultery took place on any of these occasions, and proof of the necessary fact that fornication and adultery were actually committed in the house must therefore depend on circumstantial evidence. We think the known intent in the one instance, coupled with evidence of numerous other transactions so completed that money changed hands as a result, were sufficient, in connection with all the other evidence in the case to authorize a finding by the jury that Inez McCullough entertained other men in the rear of the establishment in the same manner in which she intended to entertain the witness, and that the transfer of money immediately after these occasions authorized a conclusion that they were carried out. The evidence being sufficient to establish that acts of fornication or adultery were carried on, the acceptance of money by the defendant on each occasion immediately after the woman returned is sufficient to show his knowledge thereof, taken in connection with the other testimony in the case. Accordingly, the general grounds of the motion for a new trial are without merit.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*