38687. CARR v. JOHN J. WOODSIDE STORAGE
COMPANY, INC. *et al.*

Decided May 12, 1961—Rehearing denied June 15, 1961.

*Randall Evans, Jr.*, for plaintiff in error.

*Robert E. Knox, Fulcher, Fulcher, Hagler & Harper, Gould B. Harper*, contra.

JORDAN, Judge. ■ Special ground 1 of the amended motion for a new trial assigns error on the refusal of the court to give to the jury a requested charge on the doctrine of last clear chance. As pointed out by the Supreme Court in *Southland Butane Gas Co. v. Blackwell*, 211 Ga. 665, 670 (88 S. E. 2d 6), it is only where the defendant *knows* of the plaintiff's perilous situation and realizes or has reason to realize the plaintiff's helpless condition, that the defendant under the doctrine of last clear chance is charged with a duty of using with reasonable care and competence his *then existing ability* to avoid harming the plaintiff. Since the undisputed evidence in this case disclosed that the defendant's driver did not have knowledge of the perilous situation of the plaintiff's decedent until his vehicle was within six feet of the decedent's vehicle, and at which instant the collision occurred, the doctrine of last clear chance, as applied in Georgia, was not applicable to the facts of this case and the trial court did not err in refusing to give the requested charge. The plaintiff's argument that the defendant's driver *could* or *should* have seen the vehicle in which plaintiff's decedent was riding sooner than he did is not sufficient to require the requested charge.

■ Special ground 2 assigns error on the refusal of the trial court to give to the jury a requested charge on wilful and wanton negligence.

Wilful and wanton misconduct has been defined by this court to be "such as to evidence a wilful intention to inflict the injury, or else was so reckless or so charged with indifference to the consequences . . . as to justify the jury in finding a wantonness

equivalent in spirit to actual intent." *Lanier v. Bugg,* 32 Ga. App. 294, 297 (123 S. E. 145). See *Edwards v. Atlanta B. & C. R. Co.,* 63 Ga. App. 212 (10 S. E. 2d 449). Upon this subject this court has said: "The court, in charging the jury upon the subject, should make it plain that it is never applicable unless the defendant's conduct was such as to evince a wilful intention to inflict the injury or else was so reckelsss or so charged with indifference to the consequences, where human life or limb was involved, as to justify the jury in finding a wantonness equivalent in spirit to actual intent." *Central of Ga. Ry. Co. v. Moore,* 5 Ga. App. 562, 565 (63 S. E. 642). "In an action to recover damages for injuries alleged to have been inflicted by reason of negligence, before the person charged with the negligence can be held guilty of wilful and wanton negligence the evidence must show that he knew his conduct would inflict injury, or that, on account of the attendant circumstances which were known to him, or with knowledge of which he was chargeable, the inevitable or probable consequence of his conduct would be to inflict injury, and with reckless indifference to the consequences of such conduct he committed the act, or omitted to do his duty to avoid the threatened injury." *Southern Ry. Co. v. Davis,* 132 Ga. 812, 818 (65 S. E. 131).

While the plaintiff introduced evidence to the effect that the defendant's agent was operating the defendant's truck at a speed of 60 to 70 miles per hour at the time of the collision; that he failed to reduce such speed upon approaching the intersection; that he failed to apply his brakes in time to avoid colliding with the automobile being operated by the plaintiff's decedent; and that immediately after the collision an odor of an intoxicating beverage was detected on his breath by the investigating officers, such evidence, under the principles of law above cited, is insufficient to show wilful and wanton negligence on the part of the defendant. Accordingly, a charge on wilful and wanton negligence being inapplicable to the present case, the trial court did not err in refusing to give the same upon request.

■ The trial judge did not err in charging the jury that before anyone would be entitled to recover against a defendant on the ground of driving under the influence of an intoxicating beverage,

it would be necessary to show that the defendant was less capable of operating a car than he would have been if he had not done the drinking, and that such was the proximate cause of the injury. Special ground 6 is without merit.

■ The trial court did not err in giving in charge to the jury the provisions of *Code Ann.* § 68-1715(a) since the evidence disclosed that the automobile being operated by the plaintiff's decedent was not equipped with the braking systems required by this Code section. The mere fact that the judge recalled the jury to charge this principle of law, which through oversight was not included in the regular charge, was not improper. *Patterson v. State,* 122 Ga. 587 (1) (50 S. E. 489). Special ground 7 is without merit.

■ Special ground 3 complains that the following excerpt from the charge of the court was argumentative and prejudicial to the plaintiff: "The mere fact that Mr. William Pierce Carr was killed, in this collision does not authorize a verdict in favor of the plaintiff because there are casualties which occur for which no one is responsible. Such a casualty in the eyes of the law is an accident for which no one can recover. Therefore, if you should believe from the evidence that this casualty occurred without negligence on the part of John Albert Smith and without negligence on the part of William Pierce Carr, then it would be an accident pure and simple for which the plaintiff could not recover and your verdict in that event should be for the defendants."

As pointed out by this court in *Lane v. Varner,* 89 Ga. App. 47 (2a) (78 S. E. 2d 528): "Since the word 'accident' has two distinct meanings as ordinarily applied in tort actions—one the legal term meaning an unforeseen occurrence not resulting from the negligence of either party, and the other the lay term meaning any injury or casualty, the better practice in charging the jury the law of misfortune and accident is for the trial court to make it clear that the former technical meaning of the term, and not the latter lay meaning thereof, constitutes a defense to the action."

Since the court had previously instructed the jury in regard to the legal definition of the word "accident," as embodied in *Code*

§ 102-103, under the ruling in the *Varner* case, supra, it was desirable, if not necessary, for the court to clarify and distinguish these two distinct meanings of the word "accident" for the benefit of the jury. While this excerpt from the charge was phrased in language which may be somewhat argumentative, we do not think that it amounted to an intimation of the court's opinion that the plaintiff was seeking to show liability against the defendant simply because her son was killed, or that this was a case in which no recovery could be had by the plaintiff, or that the homicide was an accident pure and simple, as contended in this ground by the plaintiff. Accordingly, special ground 3 is without merit.

■ The trial court in charging upon the pleadings instructed the jury that the defendant had denied all the material allegations of the plaintiff's petition. While the record discloses that this instruction was not entirely accurate since the defendant had admitted certain allegations of the petition which may be deemed material, this charge did not place an additional burden upon the plaintiff as contended in special ground 4 since the court instructed the jury that the pleadings of both parties would be sent out with them to the jury room, and accordingly, the jury could see therein that certain paragraphs of the plaintiff's petition had been admitted by the defendant. See *Central of Ga. Ry. Co. v. DeLoach*, 18 Ga. App. 362 (9) (89 S. E. 433) (Reversed on other grounds; 246 U. S. 655, 38 S. Ct. 423, 6 L. Ed. 924).

It is further contended by the plaintiff that this instruction in effect amounted to an expression of the court's opinion that the allegations of the petition which were admitted by the defendant were not material. As we have said above, this instruction was not accurate and is not to be approved; however, we do not think that this error was prejudicial or harmful to the plaintiff so as to require the grant of a new trial.

■ Special ground 5 assigns error on the refusal of the trial court to give the following in charge to the jury as requested by the plaintiff: "I charge you that a person approaching an intersecting highway shall drive at an appropriate reduced speed; and a person driving a vehicle shall drive at an appropriate reduced speed when special hazard exists with respect to other

traffic and road conditions. I charge you that ordinarily a vehicle first entering an intersection has the right of way at that intersection; but this rule may be varied according to the circumstances, and is a relative right, depending on the circumstances."

Since the facts and circumstances of this case disclose that the defendant's driver, and not the plaintiff's decedent, had the right of way at the intersection in question, the trial court did not err in refusing to give this charge. See *Code Ann.* § 68-1652.

■ Under the facts and circumstances of this case, the trial court did not err in giving in charge to the jury the general principles of law relating to the plaintiff's duty to exercise ordinary care to discover and avoid the negligence of the defendant. Special ground 8 is without merit.

■ The uncontradicted evidence in this case discloses that the collision in question occurred at the intersection of State Highway No. 12 and a public road, known as the "Wire Road," in McDuffie County, Ga.; that traffic on the "Wire Road" was controlled at said intersection by a stop sign; that immediately prior to the collision the plaintiff's decedent was proceeding south on the "Wire Road" toward the intersection; that as he approached the intersection he applied his brakes and then pumped them and found that he had no brakes; and that he then steered his vehicle to the left around an automobile which was stopped at the intersection and proceeded into the intersection where the collision occurred. While the evidence was in conflict as to the alleged acts of negligence of the defendant's driver, who was proceeding west on Highway 12 at the time of the collision, the verdict for the defendant was authorized by the evidence.

The trial court did not err in denying the amended motion for a new trial on the general and eight special grounds.

*Judgment affirmed. All the Judges concur, except Townsend, P. J., who dissents.*

TOWNSEND, Presiding Judge, dissenting. This is a case which is extremely close on its facts. In the first place, the defendant's driver changed his previous testimony that he was proceeding 50 miles per hour (the maximum speed limit for his van truck) to 45 miles per hour, although other eyewitnesses, strongly corrob-

orated by photographs and other physical evidence as to the velocity and force of the truck after the point of impact, placed it at from 60 to 70. In the second place, the driver admitted that he saw the sign warning him to reduce speed because of an intersecting road and that he failed to reduce speed, which is in itself negligence per se. *Code Ann.* § 68-1626 (3c).

Secondly, while this witness stated that he did not see the automobile emerging from the side road in a wooded area until he was 6 feet away from it, the evidence demands a finding that he should have seen it at a distance of 60 to 80 feet away. The evidence is uncontradicted that the edge of the right of way had been cleared of obstructions 30 to 40 feet back, that the plaintiff's automobile was moving no more than 20 to 25 miles per hour, and that from a distance of 100 yards down the road plaintiff's driver had an unobstructed view of the cleared portion of the right of way. Since under the defendant's own testimony the truck was traveling twice as fast as the automobile, the truck was at least 60 to 80 feet away from the intersection when plaintiff's automobile came into the line of vision, and this was after defendant's driver had already seen the sign instructing him to decrease speed because of the intersection.

I recognize that error is not assigned on the charge relating to accident on the ground that it was improper in the face of this testimony relating to negligence. It is, however, assigned as error in the precise language of *Holloway v. Mayor &c. of Milledgeville,* 35 Ga. App. 87 (6) (132 S. E. 106) as being argumentative and calculated to prejudice the plaintiff's case. The language held reversible error in that case was: "Calamities and casualties are common to all, but because they occur it by no means follows that such as may be so unfortunate are entitled to recover compensation in damages . . . unless the person causing the damage fails to exercise ordinary care and diligence." Here the language is: "The mere fact that Mr. William Pierce Carr was killed in this collision does not authorize a verdict in favor of the plaintiff because there are casualties which occur for which no one is responsible. Such a casualty in the eyes of the law is an accident for which no one can recover." I think the one charge as argumentative as the other, and equal cause for reversal.

2. Division 6 of the majority opinion calls attention to the inaccuracy of the court's charge on the pleadings. While I agree that this error is not by itself sufficient to demand a reversal, it is nevertheless error and presumed harmful, and, when considered in connection with the reversible error pointed out above, affords an additional reason for sending this case back for another trial.