40082.   SHEFFIELD v. THE STATE.

DECIDED APRIL 11, 1963.

*Jesse T. Edwards,* for plaintiff in error.

*Bob Humphreys, Solicitor General,* contra.

NICHOLS, Presiding Judge.   1.   Special ground 5 of the amended motion for new trial assigns error on the admission of evidence

by a witness for the State as to an investigation made by him. The evidence objected to was that the witness went to the premises in question with a search warrant, and after a proper identification, etc., found a box which contained records of the operation of the business allegedly operated by the defendant and his co-indictee.

While the defendant argues in support of this ground that testimony as to certain records discovered during the investigation wherein the search warrant was served should not have been admitted, the objection made to the evidence complained of in this special ground was that the defendant was not present and that the witness was not there for the purpose of arresting the defendant. Neither of the objections made during the trial of the case shows any error, and the special ground, as to the arguments made with reference to the records, does not show what objection, if any, was made.

2. Special ground 6 complains that a witness for the State was permitted to testify over objection that he went to the premises to search for slot machines. Assuming, but not deciding that such testimony was inadmissible, *Bacon v. State,* 209 Ga. 261 (71 SE2d 615), yet since this same witness later testified without objection by the defendant that he found two slot machines the admission of the evidence objected to, if error, was harmless. "A special ground of a motion for new trial assigning error on the alleged illegal admission of evidence is without merit where substantially the same evidence is later admitted without objection." *Floyd v. State,* 95 Ga. App. 536 (3) (98 SE2d 161).

3. Special ground 7 complains of the admission of evidence whereby a witness for the State testified with reference to a conversation with the defendant and in which conversation the witness stated to the defendant that the co-indictee had said the defendant "worked there at times." The objection to such evidence was that it was hearsay.

While testimony of a witness as to a conversation out of the defendant's hearing would not be admissible, the evidence here objected to was a conversation between the witness and the defendant and the evidence objected to was not hearsay.

4. Special ground 8 complains of the admission of evidence by a witness for the State that he found on the premises in question, and in a locked box, an "envelope addressed to Mrs. Sheffield," and also of the failure to grant a motion for mistrial because of such evidence. The objection to such evidence was that the envelope would be the highest and best evidence. No effort was made to disclose the contents of such envelope, and under the cases of *Holcombe v. State,* 28 Ga. 66; and *Butts v. Maryland Cas. Co.,* 52 Ga. App. 838 (184 SE 774), and citations, the objection to the evidence and the motion for mistrial were without merit.

5. Special ground 9 complains that the trial court erred in overruling a motion to rule out testimony relating to documentary evidence of the State that had not been introduced into evidence at the time the motion was made. The evidence was admissible under the cases of *Holcombe v. State,* 28 Ga. 66, supra, and *Butts v. Maryland Cas. Co.,* 52 Ga. App. 838, supra.

6. Special ground 10 assigns error on the admission of evidence by a witness for the State that the defendant voluntarily stated in a conversation with the witness that "he was well aware of the white slave traffic act . . . and I don't get any of my girls from out of the State." "Extrajudicial incriminatory statements whether in writing or oral, if freely and voluntarily made, are admissible in evidence." *Cawthon v. State,* 71 Ga. App. 497 (3) (31 SE2d 64). No error is shown by this ground of the motion for new trial.

7. Special grounds 11 and 12 assign error on the admission of evidence that the premises in question had the reputation of being a lewd house. Such evidence was admissible. See *Frazier v. State,* 93 Ga. App. 204, 206 (91 SE2d 85), and citations.

8. Special ground 13 assigns error on the admission into evidence of a document purporting to be a work schedule of the female employees of the establishment alleged to be a lewd house, and the evidence of the State showed that such document had been found on the premises. In a case such as the one sub judice two things must be proved (1) the premises in question are lewd, and (2) the defendant maintains such premises. The work schedule was admissible for the purpose of shedding light on the

first item to be proved and the trial court did not err in admitting such evidence.

9. Special ground 14 complains of the admission of evidence presented by the State in rebuttal. No objection is made that the evidence was not admissible, and the sole complaint deals with the fact that such evidence was not proper rebuttal. In *Phillips v. State,* 26 Ga. App. 263 (2) (105 SE 823), it was held: "Regardless of technical niceties as to what evidence should be offered in chief and what may be offered in rebuttal, this court will not reverse a trial court for admitting in evidence at any stage of the trial any testimony that is both relevant and competent." No harm is shown by this ground.

10. Special ground 15 assigns error because the trial court refused to grant a mistrial on motion of the defendant after the solicitor general made what the defendant considered improper argument. " 'The ground of the motion for new trial assigning error upon a remark of the solicitor general, alleged to be improper, cannot be considered, for the reason that it fails to aver that the comment or conclusion of the solicitor general was not referable to any evidence adduced upon the trial.' *Blount v. State,* 18 Ga. App. 204 (2) (89 SE 78)." *Jabaley v. State,* 26 Ga. App. 76, 79 (105 SE 710).

11. Special ground 16 complains of the refusal of the trial court to give a timely written request in the exact language requested. The charge actually given was substantially in the language requested, yet, "under the controlling decisions of the Supreme Court in *Werk v. Big Bunker Hill Mining Corp.,* 193 Ga. 217 (17 SE2d 825); *Summer v. Boyd,* 208 Ga. 207 (66 SE2d 51); *Randall v. State,* 210 Ga. 435 (1) (80 SE2d 695); and *Vaughan v. Vaughan,* 212 Ga. 485 (93 SE2d 743), where a timely written request, correct, pertinent and adjusted to the facts, is made, the court must give it in charge, without change or variation, and failure to do so requires the grant of a new trial. *Code Ann.* § 70-207; *Durand v. Reeves,* 217 Ga. 492, 494 (123 SE2d 552); *Leggett v. Brewton,* 104 Ga. App. 580, 584 (122 SE2d 469)." *Manley v. State,* 105 Ga. App. 700 (1) (125 SE2d 575).

12. Special ground 17 complains of an excerpt from the charge which was in accordance with the law pronounced in *Frazier v.*

*State,* 93 Ga. App. 204, supra, and shows no error, and special ground 18, which complains of the use of the word "substantially" rather than "circumstantially" will probably not recur on another trial.

13. Inasmuch as the case must again be tried for the reasons shown in Division 11 of the opinion, and since the evidence may not be the same on another trial, neither special ground 4 (a mere amplification of the usual general grounds), nor the usual general grounds will be passed upon.

*Judgment reversed. Frankum and Jordan, JJ., concur.*