40828.   YARBOROUGH v. HORIS A. WARD, INC.

DECIDED SEPTEMBER 22, 1964.

*Hugh G. Head, Jr.,* for plaintiff in error.

*Wm. B. Morgan, John L. Respess,* contra.

RUSSELL, Judge. ■ *Code* § 20-401 provides in part: "To make the following obligations binding on the promisor, the promise must be in writing, signed by the party to be charged therewith, or some person by him lawfully authorized, viz: 1. A promise by an executor, administrator, guardian or trustee to answer damages out of his own estate." In Smolka v. Chandler & Son, 41 Del. 255 (20 A2d 131, 134 ALR 629), the court dealing with the question of whether one subsequently appointed executor might personally be liable for a contract with an undertaker to bury the deceased testator, held: "From a review of the authorities there is no reason to suppose that an executor or administrator cannot be bound personally on his contract with an undertaker for the burial of his decedent except as provided by the Statute of Frauds. It is more nearly accurate to say that an executor or administrator who engages the services of an undertaker is personally bound unless he has stipulated against personal liability, or the circumstances are such as clearly to show that the credit of the estate was accepted and the implication of promise by the estate to pay . . . if this duty [to

bury the decedent] is performed by the personal representative, or indeed by another not officiously but from necessity, the law implies a promise of reimbursement out of the assets of the estate for the reasonable expenses incurred and paid; but this is very far from saying that an executor or administrator cannot make himself personally liable for the funeral expenses. The undertaker is not, of course, bound to accept the credit of the estate; he may contract personally. Such contract may be by parol; and if the contract is performed, the executor or administrator is personally liable." See also *Kenyon v. Brightwell,* 120 Ga. 606 (4) (48 SE 124, 1 AC 169) and the cases cited in the annotations in 134 ALR p. 633 et seq. The general demurrer to the petition was properly overruled.

The rulings on special demurrer, not being argued, are considered abandoned. The general demurrer to the combined plea of res judicata and answer was overruled, and is thus favorable to the defendant. The orders recite that they are intended as rulings on demurrer only and specifically do not pass on the sufficiency of the plea, as to which no individual demurrer was interposed. The bill of exceptions does not assign error on the failure of the court to hear and rule on the plea at the time the demurrer rulings were entered; consequently, the position taken by the plaintiff in error in her brief that the court should as a matter of law have sustained the plea of res judicata has no legal basis on which to operate.

The trial court did not err in overruling the general demurrer to the petition.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*