41351, 41357. YARBOROUGH v. HORIS A. WARD, INC.; and vice versa.

DEEN, Judge. 1. A judgment sustaining or overruling a general demurrer fixes the law of the case as to the sufficiency of a petition to set out a cause of action unless the plaintiff

by amendment sets up new facts which, taken in connection with the allegations of the original petition, present a different situation requiring a contrary conclusion. *Northside Manor, Inc. v. Vann,* 219 Ga. 298 (133 SE2d 32). Where the court overruled general demurrers to a petition but sustained a special demurrer to a paragraph which attempted to introduce irrelevant and prejudicial matter and this judgment was affirmed on appeal (*Yarborough v. Horis A. Ward, Inc.,* 110 Ga. App. 295 (138 SE2d 439)) a subsequent order sustaining demurrers and a motion to strike an amendment attempting to reintroduce the same subject matter into the petition is not an order sustaining a general demurrer to the petition merely because the pleading recited that the defendant renewed her demurrers to the petition as amended. The court's order specifically disallowed the amendment, but did not purport to dismiss the petition.

2. Where the principle of res judicata is relied upon, the burden is upon the movant to allege and prove that the particular matter in controversy was necessarily or actually determined in the former litigation. *Prisant v. Feingold,* 169 Ga. 864 (2) (151 SE 799). The plea of res judicata in this case shows only that Mrs. Yarborough, the present defendant, filed an action for declaratory judgment in the Superior Court of DeKalb County against Horis A. Ward, Inc., the present plaintiff, seeking, along with other relief, a declaration of the status of the corporation's alleged claim, if any, against the plaintiff in either her representative or her individual capacity. The petition was dismissed on an oral motion the grounds of which do not appear. No judgment was entered determining the rights of the parties as to the subject matter of the present petition. It must be assumed that the former petition was dismissed for failure to comply with *Code* § 110-1101 setting out the requirements for a declaratory judgment action, and this, of course, is no bar to the present suit. It was not error for the court in this case to overrule the plea of res judicata and to further instruct the jury that they should not consider any allegations concerning it, nor could there have been estoppel by judgment since the declaratory action was dismissed.

3. The court charged that the plaintiff "contends that he knew that [the defendant] was the guardian of the deceased, and that he would not make a contract with her as guardian

. . . That the defendant denies, and that is one of the issues you are to pass on, whether or not the defendant entered into the contract in her individual capacity or in her capacity as guardian." The defendant contends that, since the plaintiff pleaded it did not (rather than *would* not) contract with her in a representative capacity, the instruction is error. If so, the error is immaterial in any case and particularly where the jury was also instructed to refer to the pleadings as they should see fit for a more particular statement concerning the contentions of the parties. *Holloway v. Mayor &c. of Milledgeville,* 35 Ga. App. 87 (1) (132 SE 106).

4. Where the records of the plaintiff funeral home were put in evidence and revealed that a charge for the funeral of the defendant's ward had been entered as a debit of "Mrs. Lanice Yarborough, relation, guardian," it was not error to admit testimony that the defendant discussed with the plaintiff the question of who would pay for the funeral, that the plaintiff showed unwillingness to conduct the funeral unless some individual would agree to be responsible, and that the defendant stated she was going to personally look after it and would be personally responsible. The objection to this testimony was on the ground that the records were the highest and best evidence and that they showed the contract to be made with Mrs. Yarborough in her capacity as guardian. This contention is not sustainable, first because it does not purport itself to be the contract between the parties, and second because the words "relation, guardian," are merely descriptive of the defendant and do not limit the capacity in which she was acting. *Coniff v. Hunnicutt,* 157 Ga. 823 (4) (122 SE 694).

5. The defendant requested the following instruction: "The presumption of the law is that a guardian of a deceased ward contracts to bind only the ward's estate, not the guardian's individual or private personal account, but this presumption is overcome and the guardian is personally responsible if you find from a preponderance of the evidence that the defendant contracted with plaintiff to be personally responsible." Instead, the court charged: "The jury must be satisfied by a preponderance of the evidence that the guardian actually made the contract that she would be liable individually or you would have to find for the defendant in this case. In

the absence of a contract, the guardian is not presumably liable individually." The instruction is substantially identical in meaning with the law given to the jury, and there is no assignment of error on the ground that the court did not charge in the exact language requested. *State Farm Mut. Auto Ins. Co. v. Rogers,* 105 Ga. App. 778 (5) (125 SE2d 893). Special grounds 7 and 14 are without merit. The charge, construed as a whole, is full and fair and does not unduly emphasize the contentions of either party to the detriment of the other, from which it follows that special ground 8 was also properly overruled.

6. The remaining special grounds deal with motions for mistrial. Ground 10 is incomplete because it fails to show what objection was made otherwise than that a statement of plaintiff's counsel was "prejudicial" (*Stewart Oil Co. v. Schell,* 212 Ga. 459 (3) (93 SE2d 700); *Clare v. Drexler,* 152 Ga. 419 (7) (110 SE 176)) and fails to aver that the statement was not supported by evidence. *Blount v. State,* 18 Ga. App. 204 (2) (89 SE 78); *Jabaley v. State,* 26 Ga. App. 76 (105 SE 710). In ground 11 complaint is made that a statement of the witness had violated certain rulings and instructions of the court, and the judge ruled that the statement did not have this effect. The court generally has a large discretion as to the grant of a mistrial (*Manchester v. State,* 171 Ga. 121 (7) (155 SE 11)) and where the question at issue is the interpretation by the court of his own ruling in a case, this court ought not generally to interfere. Grounds 12 and 13 fail to state the materiality of the matter objected to or the grounds upon which error is assigned, and cannot be considered. *Clare v. Drexler,* supra.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed on main bill of exceptions; cross bill dismissed. Felton, C. J., and Jordan, J., concur.*

ARGUED JUNE 7, 1965—DECIDED SEPTEMBER 16, 1965.

*Hugh G. Head, Jr., William M. Morrison, Jr.,* for plaintiff in error.

*William B. Morgan, John L. Respess, Jr.,* contra.