JOHN H. GAVAN, plaintiff in error, *vs.* JOHN ELLSWORTH, defendant in error.

1. Continuances are in the sound discretion of the Judge, and this Court will not interfere with that discretion, unless it has been abused, to the injury of the party complaining.

2. When the witness of one party has been examined by both sides, and has left the stand, the other party has no right to recall him that he may cross-examine him upon a fact stated. If he pleases he may recall and examine him as his own witness.

3. A ground of error, not distinctly set forth and excepted to in the bill of exceptions, will not be considered by this Court merely because the facts are stated in the bill of exceptions.

4. The testimony of a witness, since diseased, given before the magistrates on a commitment trial for an assault with intent to murder, may be used against the defendant in a civil suit for damages by the person injured.

5. The verdict of the jury is sustained by the evidence in this case, and as the Judge below has refused a new trial, this Court will not interfere.

Continuance. Witness. Evidence. Before Judge HOPKINS. Fulton Superior Court. April Term, 1871.

In 1869, in an alley between the National Hotel and the Norcoss building, Atlanta, Ellsworth received certain blows upon his head, which, he supposed, were inflicted by John Gavan. Gavan was arrested, charged with an assault with intent to murder Ellsworth. One of the Justices who presided at the commitment trial was Thomas Spencer, Esq. The Justices directed one Holmes to take down the evidence, and he did so. But, for his own convenience, Spencer also took down the evidence in short-hand, and subsequently wrote it off in long-hand. Gavan was bound over, and an indictment therefor was pending against him during the trial herein mentioned. Ellsworth brought trespass *vi et armis* against Gavan for said injuries. When this cause came on for trial, Gavan moved to continue for the absence of Sarah Bird, John Johnston, M. E. Jones and Miss Kate Wright. He said they resided in this county, were subpœnaed, and were

not absent by his permission, directly or indirectly; that he expected to have their testimony at the next term, and that the showing was not made for delay, but to get the evidence. He said that he expected to prove by Sarah Bird that she was present, and between Ellsworth and himself, at the time Ellsworth was stricken in the alley, and that he (Gavan) did not strike Ellsworth. Sarah Bird was temporarily absent from the city, on a bridal tour. He said Jones was a slater, residing here, till two or three weeks before the cause was called, and he had recently learned from Jones' friends that he was absent in Tennessee, but he could not learn his exact whereabouts, and could not take his interrogatories. He expected to prove by Jones that he (Gavan) did not strike Ellsworth, and that he (Gavan) was not in the alley when Ellsworth was struck, but in the street; and, further, that Jones would swear that he (Gavan) did not strike him (Jones). The Court then asked Gavan, "Did you not swear that you expected to prove by Sarah Bird that she was between you and Ellsworth, at the time Ellsworth was struck in the alley?" Gavan answered, "Yes." "Did you not swear that you expected to prove by Jones that you were not in the alley, but in the street, at the time Ellsworth was struck?" Gavan answered that he did not swear that he expected to prove by Jones that he (Gavan) was not in the alley, but in the street, at the time Ellsworth was struck; if he made such a statement it was through mistake, for he (Gavan) was not in the street. Without more the Court ordered the trial to proceed. Gavan's counsel complain that he had not completed his showing as to the other witnesses. The Court certified that he had completed his showing for continuance.

Ellsworth testified that he, Edwards and Weaver were in Gavan's saloon, and some unpleasant words and a difficulty occurred between him and Gavan, about making change when Ellsworth paid for what he and his friends drank; that they left the saloon, and afterwards, coming back into

the alley, he was struck by some one, over the head, and that the injury had disabled him from being an engineer. His physician described his appearance when hurt, and said that he believed that the inner table of his skull was broken, and pressing on the brain, though the outer one was not, and though the skin was not cut or bruised ; that this might be done by a round substance, like a policeman's baton.

Weaver testified that he saw Gavan strike Ellsworth over the head with such a stick, and told all about the difficulty, as he understood it. While he was testifying he said that Edwards was, since that, killed on the Western and Atlantic Railroad.

Plaintiff's counsel then proposed to prove by Spencer what Edwards swore to on the commitment trial. Defendant's counsel objected, upon the ground that it was not shown that Edwards was dead. Being reminded that Weaver swore that Edwards was killed, they said they remembered it, but did not know that the question was asked with a view of laying a foundation for Edwards' testimony, and therefore did not cross-examine Weaver on that point, and asked that Weaver should take the stand again that they might cross-examine him as to that. The Court refused to let them put him back thus for that purpose. They did not offer him as their own witness. Defendant's counsel then objected to Spencer, upon the ground that this cause and that before the committing magistrates were not substantially between the same parties, and upon the same issue. The objection was overruled, and Spencer gave Edwards' version of the affair, which was substantially what Weaver's was, and that he saw Gavan hit Ellsworth. Spencer testified with his copy of Edwards' evidence in his hand, but only referred to it when asked to do so by defendant's counsel, (as the Court certifies.) The bil of exceptions gives a version of this matter not easily understood in connection with the Judge's notes appended to his certificate.

Gavan gave his version of the quarrel about the change, etc., but denied that he struck Ellsworth, or was present when he was struck; he said being warned by one of the women who kept his bar, he had gone into the bar before the blow was struck—it was struck in the alley. The version of it by Gavan's barkeeper and one of the female bar-tenders strongly corroborated Gavan's statements.

The jury found for plaintiff for $3,092 50 and costs. Defendant's counsel moved for a new trial, upon the grounds that the Court erred : 1st. In refusing a continuance. 2d. In admitting Spencer's evidence, and because the verdict was contrary to law and evidence, and excessive. The Court refused a new trial, and that is assigned as error.

THRASHER & THRASHER, for plaintiff in error.

L. J. GARTRELL; HENRY JACKSON & BROTHER, for defendant.

McCAY, Judge.

1. We do not think it was error in the Court to refuse the continuance. Necessarily continuances must vest largely in the discretion of the Court, and the facts in this case show the propriety of the rule. Evidently the Judge was led, from the contradictory statements made in the showing, to discredit it, and to think the motion to continue a mere pretext for delay. We cannot say he was not justified in this conclusion. He was an eye witness and ear witness of what took place, and there is enough of the scene transmitted into the bill of exceptions to make us suspect more.

2. As we understand the bill of exceptions and the Judge's certificate, the thing complained of in the ruling of the Court as to the witness, Weaver, was no error. Weaver had been examined, and in the course of his examination had stated Edwards was dead. The plaintiff, in the progress of his case, offered to prove what Edwards swore on the former trial ;

the defendant asked that he be allowed to to recall Weaver and *cross-examine* him as to his statement of Edwards' death. This the Court refused.    We do not think this was wrong. The Court distinctly stated that he did not refuse to permit defendant to introduce evidence on the question of Edwards' death.    The point was, that he refused to permit defendant to recall plaintiff's witness to cross-examine him as to a fact stated by him in his direct testimony—and this was right. It would be improper for this Court to interfere with the discretion of the Court below in the conduct of a cause on such a point.    But we *concur* with the Judge.    The defendant had his opportunity to cross-examine the witness, and if for *any* cause he saw fit not to go into a question, he must take the consequences.

3. There are some facts stated in the bill of exceptions, which, in the view we take of this record of the evidence of Edwards', present matter of which the defendant might justly complain.    We think the proper source from which to get Edwards' testimony was the memorandum of it, as taken down under the direction and supervision of the Court, and not Mr. Spencer's short-hand notes, however correct they may have been.    But it does not appear from the bill of exceptions that *this* objection to Spencer's testimony was made. He was objected to, 1st, because Edwards' death was, as it was claimed, not proven, but this was abandoned; and, 2d, because the trial was not of such a character as made Edwards' testimony in that case evidence in this, and also for some supposed defect in Spencer's memorandum and mode of testifying.    But there was not, as appears by the bill of exceptions, any objections on the ground that the memoranda of the Clerk was the best evidence.    We do not therefore go into this question.    Were the point distinctly made we should hesitate to sustain the Judge, though much might be said in favor of the judgment if he had so adjudged.    Spencer was himself one of the Court, and he states that he recollected the facts independently of the notes.

4. We think the authorities are in favor of the rule adopted by Judge Hopkins, in this case, on the admissibility of Edwards' testimony, on the former trial. The defendant was a party; the issue was the same. Our Code, section 3729, provides that the testimony may be used, if the parties be *substantially* the same, and the issue substantially the same. It seems to us that the facts here make the case put by the Code. The issue is precisely the same, except that, in the criminal trial, the intent of the defendant was more prominently matter for consideration than here. And the parties were, for this purpose, substantially the same. The defendant was there *in propria persona*, and the plaintiff—the injured party—represented by his protector, the State. The authorities seem to make the matter turn upon the opportunity for cross-examination. This the defendant, against whom the testimony is now offered, had fully, on the commitment trial: See 1 Greenleaf Ev., sections 163 to 167. See, also, *United States vs. McComb*, 5 McLean, 286.

5. The verdict of the jury is not such as will justify this Court in interfering with it, over the judgment of the Circuit Judge, affirming it. The witnesses were seen and heard by the jury. Their character and antecedents appear in their testimony. It was a case peculiarly within the province of a jury, and we will not disturb it.

Judgment affirmed.