THE ATLANTA AND WEST POINT RAILROAD vs. VENABLE, next friend.

1. Where a parent began suit against a railroad for damages for a personal injury to her, and subsequently died from the results of the injury, and a suit for the homicide was brought by her child, answers of the decedent to interrogatories taken during her life in the suit by her, were admissible in the action by the child.

2. Can the damages recoverable by a child for the homicide of its parent be reduced by the amount which the child could earn before becoming of age ? *Quære.*

(*a.*) To charge that they could be so reduced does not damage the defendant.

3. In a suit by a child for the homicide of its parent, where damages could not be exactly estimated, that the court charged the jury that they might consider, in estimating the probable support which the mother would give to the child, whether a greater or less sum would be required as the child advanced in years, was not error.

4. In a suit by a child for the homicide of its mother the measure of damages being the support of the child until its arrival at full age, such computation should begin from the death and not from the date of the injury.

JACKSON, C. J., dissenting on last point.

Railroads. Damages. Negligence. Evidence. Parent and Child. Charge of Court. Before Judge STEWART. Fulton Superior Court. April Term, 1881.

In 1877 Mrs. Pyron was injured by the running away of a horse which she was driving near a crossing of the Atlanta and West Point Railroad.. She brought suit against the railroad, alleging that her horse was frightened by defendant's train, that it had no blow-post at the crossing, gave no warning of approach, etc., and in its prosecution interrogatories were made out for her, and executed. Subsequently she died from the injuries sustained, and Venable, as next friend of her minor son, Willie, brought suit for the homicide of his mother.    It is unnecessary to set out the evidence    The jury found for the plaintiff $794.60. Defendant moved for a new trial, on the following among other grounds:

(1.) Because the court erred in admitting the interrogatories of Mary Pyron, the mother, taken in her case against said defendant.

(2.) The court erred in telling the jury that "in estimating the amount of damages or the probable support that the mother might have furnished this child, you may consider whether or not, as the child advanced in years, less or greater sum would be required, or whether or not the child would have contributed to its own support, and what, under all the evidence, it is probable the mother, under the circumstances and in the light of reason and human experience, might probably have furnished to this child."

The error charged is that "may consider" should have been "must consider."    The defendant was entitled to credit for what the child could have done towards its own support, as matter of law.

(3.) Because the court erred in charging that damages should be estimated from the date of the accident instead of from the death of the mother of the child.

The motion was overruled, and defendant excepted.

N. J Hammond; Collier & Collier, for plaintiff in error.

T. P. WESTMORELAND, for defendant.

JACKSON, Chief Justice.

1. The mother had sued for personal injuries to herself by the railroad company, and on that case her interrogatories were taken. Subsequently she died, and her child, by next friend, sued for her homicide and recovered. Objection was made to the introduction of her testimony on the former trial, but it was admitted. The admissibility of the interrogatories turns on the question whether the action was substantially on the same issue and substantially between the same parties.

Substantially, we think that the issue was the same. The injuries for which she had sued caused her death, and for that result of those injuries the child sued. In 45 *Ga.*, 283, it was held that testimony taken in a criminal case before a committing court was admissible on a civil action brought for damages, on the ground that the cause of action being the injuries inflicted was in substance the same. It was ruled in the same case that the parties were substantially the same, though in the one case the state prosecuted and in the other the injured person sued. The reasoning on which the decision was put is that the great right of cross-examination had been exercised, and the plaintiff was represented by the state, and in that view was a substantial party. The Code uses the term "substantially" both as to the issue and as to parties, and the meaning of the Code was interpreted in that case, and we are bound by it.

The decision is right too; otherwise, if a narrow construction be put on the qualifying adverb "substantially," so as to require the identical parties, its force is entirely gone, and that word had as well have been omitted. See Code, §3782; 45 *Ga.*, 283; 1 Greenleaf 164, 198, 236 *et seq.* If the state represented substantially the plaintiff suing for injuries to his person, much more did the mother rep-

resent her child, both suing for injuries in the same transaction. It is true that the child could not have sued had not her mother died ; and in the mother's case the literal cause of action is the injury done her not resulting in death, and in the child's the literal cause of action is the homicide ; but the substantial cause in both cases is the one cause of both actions, the wrong done by the railroad company, and that was the issue. The interrogatories were introduced, too, only in respect to the injury and the manner in which it was done and how it occurred, and this was the real thing in issue in both cases. Was the company negligent or diligent ? Was the mother ? These were the main, substantial questions at issue.

2. We see no error against the defendant in the charge that the jury might consider the ability of the child to labor when she became able to work, in measuring her recovery. It is true that a parent may make the child, when able, work, but that is the privilege of the parent. It does not follow that the defendant may set off that ability against the duty to support the child, and thus lessen her recovery. How much could she work ? When would she be able to work ? Is she now healthy ? Will she be so a year or five years hence ? The field of conjecture is too wide and too far off—too remote to be set off against that support which is the child's measure of damages.

But be this as it may, it was certainly no error against the defendant to charge that the jury might consider and allow her ability to labor as she got older.

In measuring the damages of a wife in an action for the homicide of her husband, this court held that a subsequent marriage to a wealthy man, abundantly able to support her, would not lessen her recovery, though the measure of damages is support in that case too. And the reasoning there is that the possession of a separate estate would not lessen the recovery. 57 *Ga.*, 277.

3. As to the words "may" and "probably" used by the judge, taken in connection with the balance of the

The Atlanta and West Point Railroad *vs.* Venable, next friend.

charge, we see no error in their use. The rules to arrive at the sum of the damage are given, and then the proba- ble result is for the jury to estimate as the court told them. It would be impossible exactly to measure damages in such a case, in a suit for support for years to come. And the terms "you may find interest or not, as you please," is in accordance with law.

4. The court allowed the damage to the child to be esti- mated from the date of the injury to the mother, or rather from the time she became so prostrated that she could not support her child. I think this measure just and not an illegal rule, because while the cause of action is the homi- cide, the measure of damages is the deprivation of the child of her mother's support by the wrongful act of the company, and that began the moment she was prostrated and unable to render that support.

But my brethren think that the measure should begin with the cause of action, and not before. They therefore think, and so hold, that the court below was wrong on this point.

The judgment, therefore, is reversed and a new trial is awarded, unless the plaintiff shall write off whatever may be the proportion of the damages arising before the date of the death of the mother, which is the support for one year and two months. The plaintiff was ten years old when the accident occurred, so that a fraction over one- eleventh must be deducted from the verdict, which makes eighty-four dollars and eighty-six cents to be deducted from seven hundred and ninety-four dollars and sixty cents, the verdict, leaving seven hundred and nine dollars and eighty-six cents to stand.

Judgment reversed on terms.