It is error requiring the grant of a new trial for a trial court simply to overrule, without remedial instructions to the jury, the defendant's objection to the solicitor-general's use of the following language in his concluding argument to the jury: "If a case had not been made out against the defendant, then the court could and would have directed a verdict of not guilty."
 DECIDED NOVEMBER 8, 1949.
The error assigned in ground 1 of the amended motion for a new trial is that the court erred in overruling the defendant's objection to the following statement made by the solicitor-general in concluding argument to the jury: "If a case had not been made out against the defendant, then the court could and would have directed a verdict of not guilty." When this statement was made, counsel for the defendant made the following objection: "If your Honor please, I object to the argument of Mr. Walker [solicitor-general] to the effect that if a case had not been made out the court could and would direct a verdict of not guilty, on the ground that it is not proper argument, not justified by the evidence and the court should not permit him to argue that, because there might be a doubt that should be given to the defendant, and in that case the court would not direct a verdict; and, further that the court was not required to direct a verdict." The only action taken by the court was: "The objection is overruled." We think that the use of such a line of argument was distinctly improper. "When improper argument is made by counsel, counsel for the opposite party, in order to make the action of the judge in reference to the same the basis for a review, may object to the argument, and rest simply on the objection; and if the court fails to take any notice of the objection and allows the argument to proceed, this conduct may be reviewed; or he may, in addition to his objection, *Page 416 
move for appropriate instructions to the jury, or for a reprimand or rebuke of counsel, in order that the jury may be impressed with the grave nature of the impropriety which has taken place; or, if the impropriety is of a very grave character, he may move for a mistrial, and upon the refusal of the court to do that which ought to have been done on the motion made, whatever its nature may be, the conduct of the judge will then be a subject for review by this court." Southern Ry. Co. v. Brown,126 Ga. 1 (54 S.E. 911), citing O'Dell v. State, 120 Ga. 152
(47 S.E. 577); Rawlins v. State, 124 Ga. 33 (52 S.E. 1). In the present case, the defendant rested alone upon his objection which the court overruled. The solicitor-general was not instructed to desist in the use of such line of argument, the jury was not instructed to disregard the comment complained of, nor was any other remedial action taken by the trial court. Undoubtedly this conduct is subject to review. Southern Ry. Co.
v. Brown, supra; Brooks v. State, 183 Ga. 466
(188 S.E. 711, 108 A.L.R. 752); Brooks v. State, 55 Ga. App. 231
(189 S.E. 852); Lober v. State, 60 Ga. App. 204
(3 S.E.2d, 597); Johns v. State, 79 Ga. App. 429 (54 S.E.2d 142). The question remains, however, whether the court's action in overruling the objection to the solicitor-general's argument without taking any corrective measures was so prejudicial and harmful as to require the grant of a new trial; or, in other words, is the total significance of such ruling of such gravity as to require the grant of a new trial. "There are two types of improper statements made in argument of counsel, to wit: (a) One that can be cured by the court['s] rebuking counsel, or giving needed instructions to the jury or both . . (b) Where an irrelevant statement is so inflammatory and prejudicial that its injurious effect cannot be eradicated from the minds of the jurors by instruction from the court to disregard it." Hicks v.State, 196 Ga. 671, 673 (27 S.E.2d 307), and cit. Language similar in import to that used by the solicitor-general has been criticized by the Supreme Court as improper on at least one occasion. In Hammond v. State, 156 Ga. 880, 883
(120 S.E. 539), the following language was used by the solicitor-general in his concluding argument: "If the State has not made out a case, and they convict this man and the evidence does not authorize it, nobody will set it aside quicker than *Page 417 
the judge, and if refused may be appealed to the Supreme Court. If he should be turned loose it was [sic] at an end." That case was remanded for a new trial for other reasons and the court contented itself by disapproving the use of such language. Russell, C. J. and Hill and Atkinson, JJ., were of the opinion, however, that it was an error so grave as to require the grant of a new trial. The language in the instant case was objectionable in its use and harmful in its effect. It is objectionable as introducing into the argument the opinion of the trial judge on questions of fact which opinion should not have been in the minds of the jurors in arriving at the verdict. It was erroneous and harmful by reason of the circumstances under which it was used and the court's action in simply overruling the defendant's objection was tantamount to the expression of an opinion by the court, for the statement made by the solicitor-general, when viewed in the light of the circumstances in which it was made, together with the court's action in simply overruling the defendant's objection, amounted, in effect, to an admission or at least to an intimation by the court of what the evidence did or did not demonstrate. We think it likely to have impressed the jury that if the solicitor-general's statement had not been accurate the court would have adopted some corrective measures relative thereto; and it is too elementary, under our practice, to warrant discussion that the court is not to indulge even in the intimation of what it thinks the evidence does or does not demonstrate so long as the jury remains the trior of the facts. For reasons which we have stated, the court erred in overruling the defendant's objection to the solicitor-general's statement without any corrective measures; and, consequently, erred in overruling the motion for a new trial. Jones v. State,123 Ga. 129 (51 S.E. 312); Forster v. State, 60 Ga. App. 598,599 (4 S.E.2d 498); Hammond v. State, supra.
The language of the instant case is materially different from the language complained of in Whaley v. State, 177 Ga. 757
(6) (171 S.E. 290). In the latter case the solicitor-general was merely stating his opinion of the duty of the trial judge under a given state of circumstances. In the instant case, the solicitor-general, by his use of the words, "If a case had not been made out against the defendant, then the court could and would have *Page 418 
directed a verdict," was inferentially stating that the judge had intimated an opinion of what had or had not been proved by the evidence by his failure to direct a verdict.
As this case must be retried and the evidence on the new trial may vary from that in the present record, and as we may assume that the court will, at that time, charge upon all issues properly raised by the evidence on the new trial, we think it unnecessary to pass upon the assignment of error contained in special ground 2 of the amended motion for a new trial, or to pass upon the general grounds.
Judgment reversed. Gardner and Townsend, JJ., concur.