40123. J. J. WOODSIDE STORAGE COMPANY, INC. et al. v. CARR.

DECIDED MAY 27, 1963—REHEARING DENIED JUNE 17, 1963.

*Warren D. Evans, Robert E. Knox, Fulcher, Fulcher, Hagler & Harper, Gould B. Hagler,* for plaintiffs in error.

*Randall Evans, Jr.,* contra.

FELTON, Chief Judge. ■ The court did not err in overruling the general demurrer to the petition nor in overruling the gen-

eral grounds of the amended motion for a new trial nor in overruling the motion for a judgment notwithstanding the verdict. *Carr v. John J. Woodside Storage Co.,* 103 Ga. App. 858 (120 SE2d 907), s.c. 217 Ga. 438 (123 SE2d 261); *John J. Woodside Storage Co. v. Reese,* 105 Ga. App. 602 (125 SE2d 556).

■ Paragraph 19 of the plaintiff's petition as amended alleged: "As William Pierce Carr, Jr. was approaching the intersection of Georgia Highway No. 12 he was running at a speed of approximately 15 to 25 miles per hour and the brakes would not and did not take effect and reduce speed or stop said automobile, although William Pierce Carr, Jr. pumped same several times, and plaintiff alleges that said brakes had held perfectly at all times prior to that moment and said William Pierce Carr, Jr. had no notice or knowledge of the defective condition of said brakes." The demurrer of the defendants to this paragraph is as follows: "Defendants specially demur to paragraph nineteen (19) of plaintiff's petition as amended for the reason that it is not alleged therein or elsewhere in said petition the distance between the Ford automobile being driven by William Pierce Carr, Jr. and the intersection when he allegedly applied the brakes, the allegation that he pumped the brakes as he approached the intersection being too vague and indefinite." The court did not err in overruling this special demurrer to paragraph 19 of the petition for the reasons that the demurrer itself is not perfect and that there is no allegation in paragraph 19 of the amended petition that William Pierce Carr, Jr. "applied the brakes." On the contrary, the allegation was that he endeavored to apply the brakes by pumping them several times and that they did not take effect.

■ Ground 4 of the amended motion for a new trial complains of the charge to the effect that a violation by John Albert Smith of Rule 10 of the Public Service Commission would be negligence per se. The rule is: "No driver shall go on duty while under the influence of, nor drink while on duty, any alcoholic beverage or liquor, whatever its alcoholic content, nor shall he knowingly be permitted to do so." This question was settled adversely to plaintiff in error by a ruling on the eighth ground of the amended motion in *John J. Woodside Storage Co. v.*

*Reese,* 105 Ga. App. 602 (7), supra, and in *Carr v. John J. Woodside Storage Co.,* 217 Ga. 438, supra.

■ Ground 5 of the amended motion complains of the following charge: "If you find in favor of the plaintiff, I charge you in determining the amount of your verdict, you may consider the period of inflation now in existence and as it affects the value of money." Under the facts of this case the charge was error. The action is for $621 funeral expenses and the defendant in error's loss of his son's services from June 14, 1959, until he reached the age of 21 years. The value of the dollar at the time of the trial as compared to its value in the past was irrelevant on the question of the amount of plaintiff's damages. The dollars involved in the funeral expenses were inflated dollars and no judgment for doubly inflated dollars or more inflated dollars could have been legally rendered. The same principle applies to the value of the son's services. The dollars he earned and could earn in the future were inflated dollars and the jury would not have been authorized to find more dollars than the evidence authorized regardless of whether they were inflated or deflated.

5. Ground 6 of the amended motion complains of the charge to the effect that to be guilty of drunken driving on the highways of the State one would have to be so intoxicated as not to be able to drive as safely as he could if not under the influence of intoxicants at all. This ground is without merit. The charge states a correct principle of law and it was harmless and probably beneficial to the plaintiff in error because the court charged that a violation of Rule 10 of the Public Service Commission was negligence per se and under that rule the "less safe" driving rule does not apply. *Carr v. John J. Woodside Storage Co.,* 217 Ga. 438, supra.

6. Ground 7 of the amended motion complains of the charge as to the requirement that motor vehicles must be equipped with brakes adequate to stop and hold the vehicles, including two separate means of applying the brakes, each of which means shall be effective to apply the brakes to at least two wheels. This charge was not error or harmful to the movant because even though there was no evidence whether defendant in error's son

had serviceable emergency brakes the inference was authorized that he either did not have good emergency brakes or that if he had them he was negligent in not applying them.

■ Ground 8 of the amended motion complains that in charging on the theory of accident the court erred in quoting *Code* § 26-404 as follows: "A person shall not be found guilty of any crime or misdemeanor committed by misfortune or accident, and where it satisfactorily appears there was no evil design, or intention, or culpable neglect." This charge is not appropriate in a civil case such as this one because a jury might conclude that the defendant in error might recover if his son was not guilty of any crime or misdemeanor.

■ ■ Ground 9 of the amended motion complains of the trial court's permitting the defendant in error to read in evidence the testimony given in person on cross examination by Roy Yelverton in the trial of the case of William Pierce Carr v. John Albert Smith and Billy "Buck" Brewer, which was tried in Warren Superior Court on January 19, 1960. The evidence was introduced and admitted for the purpose of impeaching the witness Yelverton's testimony by deposition, on the theory that it was testimony given by the witness at a former trial between substantially the same parties. Plaintiff in error objected to the introduction of this testimony on the ground that the proper foundation for impeachment had not been laid for its admission and on the ground that the testimony admitted was given in the trial of another case. This testimony, given at another trial and in a different case was, under the facts, admissible. The oldest Supreme Court cases have given such a construction to the word "substantially" as to authorize the conclusion here that the two cases were between substantially the same parties. *Atlanta &c. R. v. Venable,* 67 Ga. 697; *Gavan v. Ellsworth,* 45 Ga. 283 (4). See also *Myrick v. Sievers,* 104 Ga. App. 95 (121 SE2d 185). *Hooper v. Southern R. Co.,* 112 Ga. 96 (1) (37 SE 165) is contrary to the older Supreme Court cases above cited. (b) However the evidence was inadmissible because no foundation was laid for the impeaching evidence in the circumstances here. *Estill v. Citizens &c. Bank,* 153 Ga. 618 (7c) (113 SE 552).

■ Ground 10 of the amended motion complains of the refusal of the court to declare a mistrial because of argument made to the jury by the attorney for defendant in error. The argument was: "Judge Norman wouldn't let you pass on it; he would tell you to sign a verdict. Whenever 'the Judge tells you to go out and decide, you can know that the evidence doesn't demand it on their side, etc." The fact that a judge submits a case to a jury does not necessarily mean that he is of the opinion that a verdict is not demanded for one side or the other. See *Washington v. State*, 80 Ga. App. 415 (56 SE2d 119). The argument was improper and as the argument will not be repeated on another trial it is not necessary to decide whether a mistrial should have been granted.

■ Grounds 11 and 12 complain of the failure to declare a mistrial because of certain alleged improper arguments to the jury by counsel for defendant in error. These arguments were not based on evidence or legitimate inferences from evidence and were under the law improper. Whether alone they would have been harmful enough to require a new trial we do not decide. We assume that the ground for the complaints here made will not recur on another trial.

The court erred in overruling the amended motion for a new trial. The court did not err in overruling the demurrers nor in overruling the motion for a judgment notwithstanding the verdict.

*Judgment affirmed in part; reversed in part. Eberhardt and Russell, JJ., concur.*

On Motion for Rehearing.

. Felton, Chief Judge. What we have held in Division 8(b) does not conflict with and is not inconsistent with what was held in *Travelers Ins. Co. v. Miller*, 104 Ga. App. 554 (2), 563-565 (122 SE2d 268). It is to be kept in mind that the requirements of *Code* § 38-1803 are for the benefit of the witness. In *Travelers Ins. Co.* the witness Ghandi had not, so far as appears, given any previous testimony, nor does it appear that those who may have taken his written statement which was, by agreement, admitted in evidence, had any knowledge or information at the time of taking it of any prior inconsistent statement

that he may have made to anybody. That did not appear until a witness so testified at a later time. Consequently, the confrontation of Ghandi with the prior inconsistent statement was not possible. Here the reverse is true. When the deposition was taken Yelverton had already testified in the prior trial and that was known to him and to counsel who sought to impeach him by introducing the former testimony here. Any prior inconsistent statements in the testimony were available when the deposition was taken, or could have been, and these should have been called to his attention so that he might explain, if he could, the inconsistency. There was *opportunity* for cross examination, both on the former trial and on the taking of the deposition. If Yelverton had testified in person instead of by deposition at the trial here could it be doubted that the requirements of *Code* § 38-1803 would apply? Obviously not. And the fact that he testified by deposition could not change the requirement nor diminish the reason for it. Accordingly, the rule announced by Wigmore and referred to in *Travelers Ins. Co.*, supra, has no application here.

*Rehearing denied. Eberhardt and Russell, JJ., concur.*