*Assistant District Attorney,* for appellee.

## 59494. CRAFT v. THE STATE.

CARLEY, Judge.

Craft was indicted and convicted of burglary. He appeals from the denial of his amended motion for new trial.

1. Appellant's first three enumerations of error urge that the trial court erred in refusing to permit the former testimony of a witness at appellant's bond hearing to be introduced at the trial.

In the instant case the state's evidence showed that appellant, along with a juvenile, was apprehended while still inside the burglarized business. Appellant contends that he did not intend to commit a burglary and that, at the insistence and urging of said juvenile's mother and sister, he had entered the building in an attempt to persuade the aforesaid juvenile, who, in fact, was burglarizing the premises, to leave the store and to apprise the juvenile of the possible consequences of his actions. In order to substantiate his version of the story, appellant proffered the corroborating testimony of the juvenile's sister which was given under oath at appellant's bond hearing. The trial court refused to allow the introduction into evidence of this former bond hearing testimony.

In order for former testimony to be admissible there must have been in the former trial substantially the same parties and substantially the same issues and the witness must be inaccessible at the present trial. Code Ann. § 38-314. Under the facts of the present case, the disputed points are: (1) Whether the former trial — appellant's bond hearing — was upon substantially the same issue and (2) whether the witness was inaccessible. The fact that the parties were substantially the same at the bond hearing is not contested.

We first consider the question of whether the issues raised at the bond hearing and at the trial were substantially the same under Code Ann. § 38-314. Since an early date, the courts of this state have interpreted the term "substantially the same issues" as used in the Code, with emphasis on the word "substantially" and have said this means something less than identical. *Atlanta & W. P. R. Co. v. Venable,* 67 Ga. 697 (1881). The rule does not require that all the issues in the two proceedings be the same; but the issue to which the former testimony was directed must be the same as the issue upon

which it is offered in the second. *Prater v. State,* 148 Ga. App. 831, 837 (253 SE2d 223) (1979).

As noted in *Gavan v. Ellsworth,* 45 Ga. 283, 288 (1872), the purpose of requiring that the former testimony be received in a proceeding having substantially the same issues and parties is to insure that the party against whom the testimony is later offered had an adequate opportunity to cross-examine the witness at the previous proceeding. The key factor in determining whether former testimony is admissible is the adequacy of opportunity for cross-examination rather than the nature of the proceeding in which the former testimony was presented. "The opportunity must have been such as to render the conduct of the cross-examination or the decision not to cross-examine meaningful in light of the circumstances which prevail when the former testimony is offered." McCormick on Evidence (2d Ed. 1972) 616, § 255.

As previously indicated, the decision of whether the former corroborating testimony of appellant's witness at his bond hearing should have been admitted at the trial ultimately hinges upon the question of the adequacy of the state's opportunity to cross-examine the witness at the earlier bond hearing. The sole duty of the court hearing an application for bail is to determine whether or not the accused should be entitled to bail and, if so, the amount. At such hearing the court does not pass on the merits of the case and there is no determination of guilt or innocence, or even probable cause. 8 CJS, Bail, § 46 (1962). In passing on an application for bond, the question before the judge is whether the appearance of the accused for trial may be reasonably assured and the juvenile's sister's testimony at appellant's bond hearing was offered on this issue. *Roberts v. State,* 32 Ga. App. 339 (123 SE 151) (1924). However, at the jury trial resulting in this appeal, the bond hearing testimony was proffered on the issue of the guilt or innocence of the appellant. We find that the issues involved in the two proceedings were not so sufficiently similar that it can be said that the previous opportunity for cross-examination of the witness by the state was adequate. Compare *Prater v. State,* supra. Unless the issues at the bond hearing were substantially the same as those at trial, cross-examination at the hearing would not have been directed to the same material points of investigation and, therefore, could not have been used viably for exposing inaccuracies and falsehoods. V Wigmore on Evidence, § 1386 (Chadbourn Rev. 1974). While the state in this instance had an opportunity (in the sense that a representative of the state was present at the bond hearing) to cross-examine the witness whose testimony was subsequently proffered at trial, the opportunity was not adequate in view of the

limited scope of inquiry pursued at the bond hearing.

Since we have found absent the essential requirement of the sufficient similarity of issues, we need not determine the adequacy of the appellant's showing that the former witness was inaccessible at trial; even had the state not contested the witness' inaccessibility, the former testimony would not meet the two-prong admissibility test envisioned by Code Ann. § 38-314. Therefore, we conclude that the trial court did not err in refusing to permit the former testimony taken at appellant's bond hearing to be introduced at trial.

2. Appellant also enumerates as error the admission of a photograph of the exterior of the store building over the objection that it had not been properly identified and that it was not an accurate representation of the building at the time of the alleged burglary. The photograph in question was identified by one of the arresting officers who testified that other than two minor changes that appeared in the photograph, it fairly and accurately represented the concerned store as it appeared the evening of the burglary.

Before a photograph may be introduced in evidence it must be authenticated by a showing that it is a fair and truthful representation of what it purports to depict. *Johnson v. State,* 158 Ga. 192, 198 (123 SE 120) (1924). It is not necessary that the authenticating witness be the photographer or even have been present at the scene when the photograph was taken. *Toler v. State,* 213 Ga. 12 (96 SE2d 593) (1957). The photograph admitted over appellant's objection was sufficiently identified and explained by the witness, and the mere fact that the scene shown therein may have changed either before the photograph in question was taken or subsequent thereto as to some immaterial matters does not render it objectionable. *Curtis v. State,* 224 Ga. 870, 873 (165 SE2d 150) (1968). "The quantum of evidence required to sufficiently identify photographs as true and accurate representations of what they purport to depict is a matter to be left within the discretion of the trial court." *Johnston v. State,* 232 Ga. 268, 270 (206 SE2d 468) (1974). A review of the record does not reveal any abuse of discretion by the trial court and, thus, this enumeration is without merit.

3. In appellant's final enumeration of error, he urges that the trial court erred in not granting his motion for new trial, in that the verdict and judgment are contrary to law and principles of justice and equity and contrary to the evidence in the case and without evidence to support the same. "While the jury can and must weigh and analyze the evidence, an appellate court, in reviewing on the general grounds, is restricted to determining if there is sufficient evidence to support the verdict of the jury." *Davis v. State,* 151 Ga. App. 222, 223 (259 SE2d 207) (1979). The evidence here is clearly

sufficient to support the verdict and our review of the record compels our conclusion that any rational trior of fact could reasonably have found from that evidence proof of the guilt of the defendant beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED FEBRUARY 14, 1980 — DECIDED MAY 8, 1980 — REHEARING DENIED MAY 20, 1980.

*Thomas S. Sunderland, Handsel G. Morgan, Jr.,* for appellant.
*Bryant Huff, District Attorney, Billy Rowe, Assistant District Attorney,* for appellee.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

