## S92A0853. HOSICK v. THE STATE.
### (421 SE2d 65)

CLARKE, Chief Justice.

Charles D. Hosick, Jr. was convicted of the malice murder of Jon Berry Bragg, and sentenced to life imprisonment.[1]

Witnesses testified that on the evening of April 23, 1990, the defendant walked into a Bennigan's Restaurant in Savannah and, without saying a word, shot the victim in the head from a distance of 12 inches. The defendant immediately left the restaurant. The victim died as a result of massive brain damage.

Based on a description of the assailant given by Tommy Bates, an Army lieutenant, police developed a composite picture which ultimately led to the defendant's arrest. Prior to his arrest for Bragg's murder, the defendant was arrested in a neighboring county for carrying a concealed weapon. This weapon was confiscated, and a firearms expert from the State Crime Lab determined that it had been used to kill the victim. Pursuant to a warrant police officers searched the defendant's residence and found a box of ammunition which matched the projectile fired into the victim's body.

A waitress at a Waffle House testified that she had observed the victim, a frequent patron of the restaurant, conversing with the de-

---

[1] The crime occurred on April 23, 1990. The defendant was indicted on August 15, 1990 and tried July 10-12, 1991. He filed a motion for new trial on August 5, 1991, which he amended on November 22, 1991. The trial court denied the motion for new trial on March 16, 1992, and the defendant filed his notice of appeal in this court on March 19, 1992. The case was argued before this court on June 1, 1992.

fendant several days prior to the shooting. She testified that they were discussing death, and the use of life-support systems.

At the close of the state's case, defense counsel announced that the defendant would not testify in his own behalf. However, the following day defense counsel informed the court that the defendant insisted on testifying, despite defense counsel's recommendation that he not do so. The defendant took the stand in his own behalf and testified that he shot the victim under direction of angels and the Holy Spirit.

1. Following the defendant's testimony the trial court held a bench conference in which defense counsel expressed surprise at the nature of the defendant's testimony and requested that the trial court re-open the evidence to allow evidence of the defendant's insanity. The trial court denied the request, finding that it had not been timely made under Uniform Superior Court Rule 31.4. The trial court then made, sua sponte, a finding that trial counsel had not been ineffective on this or any other issue during trial of the case.

The defendant's trial counsel did not represent him on his motion for new trial or on appeal. Appellate counsel argued at the hearing on motion for new trial that trial counsel was ineffective in failing to timely raise the issue of the defendant's insanity and competence to stand trial. The defendant appeals the trial court's rulings that trial counsel was not ineffective.

Prior to trial the defendant was examined by a state psychologist from Georgia Regional Hospital and found to be both competent to stand trial and free from any psychiatric disorder. The examination of an independent psychologist requested by trial counsel, and appointed by the trial court, found that defendant met the criteria for a "paranoid disorder." The psychologist stated that individuals meeting this criteria usually do not commit violent acts, and usually are capable of differentiating between right and wrong. However, the psychologist went on to say that "it is within the realm of possibility that operating out of a delusional paranoid system of beliefs, [the defendant] may have struck out violently towards an individual believed to be causing him harm. . . ."

In a bench conference just prior to trial, defense counsel announced to the judge that he believed the defendant to be "crazy as a bedbug," but that he "couldn't get anyone to testify to that."

Appellate counsel argues that because the independent psychologist opined that "it is within the realm of possibility" that defendant's delusional paranoia "may" have provoked the attack on the victim, trial counsel was ineffective in failing to raise the issue of mental illness prior to trial.

To set aside a conviction for ineffective assistance of trial counsel, the defendant must show that trial counsel's performance was de-

ficient, and that this deficient performance prejudiced the defense. *Smith v. Francis*, 253 Ga. 782 (325 SE2d 362) (1985); *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). In this case the defendant has not carried his burden of proving either prong of the test, and therefore his claim fails. Under the circumstances of this case, and relying on the "strong presumption" in favor of trial counsel, 253 Ga. at 783, we affirm the trial court's finding that trial counsel was not ineffective in failing to raise the issue of mental illness prior to trial, and in failing to present evidence of it at trial. Additionally, we affirm the trial court's finding that the defendant has failed to prove that trial counsel's alleged deficient performance so prejudiced the defense that it altered the outcome of the verdict.

2. Under the standards set out in *Hodges v. State*, 257 Ga. 818, 820 (364 SE2d 275) (1988), the defendant was not entitled to a charge on insanity.

3. The defendant argues that the trial court erred in not finding "good cause" to waive the notice requirements of Uniform Superior Court Rule 31.4. The defendant maintains that the trial court should have, sua sponte, made an inquiry into the competency of the defendant to stand trial following the defendant's "delusional confession" on the witness stand. The defendant relies on *Baker v. State*, 250 Ga. 187, 190 (297 SE2d 9) (1982), which holds that the trial court must address the issue of present incompetence to stand trial "if there is evidence of incompetence which manifests itself during the proceedings." The psychological evaluations of the defendant conducted prior to trial concluded that he was competent to stand trial. Further, in denying the defendant's motion for new trial, the trial court rejected the argument that the nature of the defendant's testimony placed upon the trial court a duty to conduct an additional hearing into the defendant's competency to stand trial. In support of this conclusion the trial court found that the defendant had been "competent [and] succinct in his statements" throughout the trial and that he gave "no indications of having any mental retardation or difficulties." The trial court further found that "it is plain upon the record that the defendant had concocted a method of testifying that he considered to be consistent with his disclosure [to a psychologist who tested him]." The trial court concluded that the defendant was not incompetent, but "was sly and cunning in his ways and manipulative of the legal process." Under the circumstances of this case we conclude that the trial court did not err in failing to conduct a hearing into the competency of the defendant following his testimony at trial.

4. As stated above, Lt. Tommy Bates witnessed the shooting and assisted police in developing a composite drawing which led to the defendant's arrest. Lt. Bates testified at the defendant's preliminary hearing, but was subsequently killed during the Persian Gulf conflict

and was unavailable to testify at the defendant's trial. Pursuant to OCGA § 24-3-10, the state was permitted to introduce the preliminary hearing testimony of Lt. Bates over the defendant's objection that he had been denied effective cross-examination of this witness as the preliminary hearing was limited to the issue of probable cause. On appeal the defendant argues that his right of cross-examination was abridged.

The record shows that the defense counsel extensively cross-examined Lt. Bates at the preliminary hearing with regard to the issue of identification. The admission of Lt. Bates's testimony did not abridge the defendant's right to cross-examine this witness at trial. *Littles v. Balkcom*, 245 Ga. 285 (3) (264 SE2d 219) (1980).

5. We have studied the record in this case and conclude that a rational trier of fact could have found the defendant guilty of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Bell, P. J., Hunt, Benham, Fletcher and Sears-Collins, JJ., concur.*

DECIDED OCTOBER 2, 1992.

*Mark J. Nathan,* for appellant.

*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Robert D. McCullers, Staff Attorney,* for appellee.