## S08A1257. MARTIN v. THE STATE.

(668 SE2d 685)

BENHAM, Justice.

DeKelvin Rafael Martin has been indicted for the murders of Travis and Ila Ivery and Savion Wright, the grandparents and the 12-year-old son, respectively, of Martin's girlfriend, Tymika Wright. Martin has also been charged with Ms. Wright's rape, as well as other related crimes. The State has filed written notice of its intent to seek the death penalty. This Court granted Martin's application for interim review and ordered the parties to address whether the trial

court erred in denying Martin's motion in limine to preclude the admission of Ms. Wright's prior testimony. For the reasons set forth below, we affirm the trial court's order.

On January 4, 2005, Martin pleaded guilty to all sixteen counts of his indictment, including the three murder charges. Immediately following the entry of his plea, a bench trial was held on the issue of sentencing, during which Ms. Wright testified for the State. In December 2006, Martin was allowed to withdraw his guilty plea due to the trial court's failure to inform him of all his constitutional rights as set out in *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969). Ms. Wright is now deceased, and Martin filed a motion in limine to preclude the admission of her prior testimony at his guilt/innocence trial. The trial court denied Martin's motion, holding that Ms. Wright's prior testimony is admissible under the provisions of OCGA § 24-3-10 and that its admission will not violate the Confrontation Clause under *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004).

Whether Ms. Wright's prior testimony "is admissible as a matter of Georgia evidence law, and whether it is admissible as a matter of federal constitutional law, are two distinct questions." *Prater v. State*, 148 Ga. App. 831, 834 (5) (253 SE2d 223) (1979) (citing *California v. Green*, 399 U. S. 149, 155 (90 SC 1930, 26 LE2d 489) (1970) for the proposition that, while hearsay rules and the Confrontation Clause are designed to protect similar values and may "overlap," they are not congruent). While Wright's testimony must pass both tests in order to be admissible,

> [i]n keeping with the well-established principle that this Court will not decide a constitutional question if the appeal can be decided upon other grounds [cit.], we first address the [evidentiary] issue[ ] raised by the appeal.

*Powell v. State*, 270 Ga. 327, 327-328 (1) (510 SE2d 18) (1998).

1. OCGA § 24-3-10, the "prior testimony" exception to the hearsay rule, permits the admission of the testimony of a witness at a prior proceeding provided the proponent is able to show that:

> (1) the declarant is unavailable as a witness at trial; (2) the testimony was given under oath at a hearing or other proceeding; and (3) the parties and issues are substantially similar. [Cits.]

*Pope v. Fields*, 273 Ga. 6, 7-8 (1) (a) (536 SE2d 740) (2000). Martin concedes that Ms. Wright is unavailable to testify at trial, that her prior testimony was given under oath, and that the parties at his

sentencing trial and the parties at his upcoming guilt/innocence trial are identical. However, he contends that, because the issues involved at the sentencing trial were not substantially similar to those that will be decided at the guilt/innocence trial, the sentencing trial did not provide him with an adequate opportunity to cross-examine Ms. Wright.

For the purpose of construing OCGA § 24-3-10, it is well established that "the qualifying adverb 'substantially' " means something less than "identical." *Atlanta & West Point R. v. Venable*, 67 Ga. 697, 699 (1881).

> "(The rule) does not require that all the issues . . . in the two proceedings must be the same, but at most that the issue on which the testimony was offered in the first suit must be the same as the issue upon which it is offered in the second. Additional issues or differences in regard to issues upon which the former testimony is not offered are of no consequence. Moreover, insistence upon precise identity of issues . . . [is] out of place with respect to former testimony where the question is . . . merely . . . the salvaging, for what it may be worth, of the testimony of a witness not now available in person." [Cit.]

*Prater*, supra, 148 Ga. App. at 837-838 (5) (A) (2) (holding that prior testimony from a commitment hearing and an extradition hearing in Tennessee was admissible at defendant's burglary and armed robbery trial).

However, there must be "sufficient similarity so that there was previously an adequate opportunity for cross examination." *Prater*, supra, 148 Ga. App. at 837 (5) (A) (2). See *Craft v. State*, 154 Ga. App. 682 (1) (269 SE2d 490) (1980) (stating that the purpose of the requirement that the two proceedings involve substantially the same issues and parties is to ensure that there was an adequate opportunity for cross-examination). Admissibility, in fact, hinges on the adequacy of an opportunity for cross-examination, rather than on the type of proceeding in which the prior testimony was presented. Id.

This Court has never considered the admissibility of the prior testimony of a witness at a sentencing trial. However, in applying the prior testimony hearsay exception on a case-by-case basis, we have found former testimony at committal hearings and preliminary hearings admissible at the trial of the case where the party against whom the testimony was offered had an adequate opportunity for cross-examination at the prior proceeding, implicitly "conclu[ding] that the issue of probable cause to suspect the defendant of guilt is

substantially the same, for [OCGA § 24-3-10] purposes, as the issue of ultimate proof of guilt." *Prater*, supra, 148 Ga. App. at 838 (5) (A) (2) (a). See *Hosick v. State*, 262 Ga. 432 (4) (421 SE2d 65) (1992) (preliminary hearing testimony); *Littles v. Balkcom*, 245 Ga. 285 (3) (264 SE2d 219) (1980) (commitment hearing testimony); *Robinson v. State*, 68 Ga. 833 (1882) (committing trial testimony). On the other hand, prior testimony from a defendant's bond hearing has been held inadmissible at the trial of the case, because the court there concluded that "the issues involved in the two proceedings were not so sufficiently similar that it can be said that the previous opportunity for cross-examination of the witness . . . was adequate." *Craft*, supra, 154 Ga. App. at 683 (1). Accord *Dickson v. State*, 281 Ga. App. 539 (1) (636 SE2d 721) (2006).

Martin contends that his situation is analogous to that of the defendant in *Dickson*, supra, in which it was held error to admit at trial prior testimony from a defendant's bond hearing. That holding was premised on the court's determination that, because a witness at a bond hearing only provided information regarding whether there was a significant risk that the defendant would violate the conditions of his bond pending trial, and "because the focus of the bond hearing was whether to allow the defendant to be released on bond, not whether the criminal allegations [against him] were supported[,]" the defendant there did not have a meaningful opportunity to cross-examine the unavailable witness regarding his prior testimony. Id. at 540 (1). Martin maintains that, similarly, he had no meaningful opportunity to cross-examine Ms. Wright, because a witness for the State at a sentencing trial "simply provides information concerning the impact the crime has had on her life" and because the "focus" of a sentencing trial is determining what sentence a defendant should receive, not whether the State can prove beyond a reasonable doubt that he is guilty of the offenses alleged in the indictment against him. Moreover, Martin argues that he had no reason to cross-examine Ms. Wright regarding issues of his culpability or Ms. Wright's credibility, because his guilt was not at issue at his sentencing trial. See *Wilson v. Reed*, 246 Ga. 743 (1) (272 SE2d 699) (1980) (noting that a plea of guilty admits the facts set forth in an indictment).

However, as this Court has repeatedly noted, evidence relating to guilt or innocence is relevant to sentence and, thus, admissible, in a sentencing trial,

> not because the validity of the conviction is at issue, but because the [factfinder] needs to examine the circumstances of the offense[s] (as well as any aspect of the defendant's character or prior record) in order to decide intelligently the question of punishment. [Cits.]

*Alderman v. State*, 254 Ga. 206, 210 (8) (327 SE2d 168) (1985). See also *Romine v. State*, 256 Ga. 521 (3) (350 SE2d 446) (1986); *Blankenship v. State*, 251 Ga. 621 (308 SE2d 369) (1983). Indeed, such evidence was particularly important at Martin's sentencing trial where the trial judge, as the factfinder, heard for the first time evidence relating to the circumstances of the offenses. See *Romine*, supra, 256 Ga. at 528 (3). Martin's guilty plea to all counts of the indictment did not relieve the State of its burden, before a death sentence could be imposed, to prove beyond a reasonable doubt the existence of at least one statutory aggravating circumstance alleged in its notice of intent to seek the death penalty. OCGA § 17-10-30 (c); *Green v. State*, 246 Ga. 598 (10) (272 SE2d 475) (1980). In Martin's case, several of the statutory aggravating circumstances contended by the State are also offenses with which Martin is charged and will be tried at his guilt/innocence trial.[1] Notwithstanding Martin's plea of guilty prior to his sentencing trial to three counts of murder and one count of rape, the State was still required to prove beyond a reasonable doubt that Mr. Ivery's murder was committed while Martin was engaged in the commission of Savion's murder, that Savion's murder was committed while Martin was engaged in the commission of Mr. Ivery's murder, that both those murders were committed while Martin was engaged in the commission of Ms. Wright's rape and an aggravated battery against Ms. Ivery, and that Savion's murder involved torture, depravity of mind, or an aggravated battery to him. OCGA § 17-10-30 (b) (2), (b) (7), and (c); *Romine*, supra, 256 Ga. at 528 (3).

The State also had the burden of proving beyond a reasonable doubt that Martin committed an aggravated battery against Ms. Ivery, as Martin was not charged with that crime and, therefore, did not plead guilty to it.[2] See *Wade v. State*, 258 Ga. 324 (11) (d) (368 SE2d 482) (1988) (stating that, despite the defendant's murder conviction, where the sole alleged statutory aggravating circumstance was that the murder was committed during the commission of

---

[1] The State sought to establish the following statutory aggravating circumstances: that Savion's murder was committed by Martin while he was engaged in Ms. Wright's rape, in an aggravated battery against Ms. Ivery, and in Mr. Ivery's murder; that Mr. Ivery's murder was committed by Martin while he was engaged in Ms. Wright's rape, in an aggravated battery against Ms. Ivery, and in Savion's murder; and that Savion's murder was outrageously or wantonly vile, horrible, or inhuman in that it involved torture, depravity of mind, or an aggravated battery to the victim. OCGA § 17-10-30 (b) (2), (b) (7).

[2] The alleged crimes occurred on October 1, 2002. Ms. Ivery died as a delayed consequence of her injuries in January 2003, after Martin's December 6, 2002, indictment for the murders of Savion and Mr. Ivery and for other related crimes. On September 5, 2003, the Fulton County grand jury returned a second indictment against Martin, which is the one to which he pleaded guilty, that additionally charged him with the murder and felony murder predicated on aggravated assault of Ms. Ivery.

an aggravated battery, the State had the burden of proving beyond a reasonable doubt "that the defendant had committed the *separate* crime of aggravated battery"). Because the aggravated battery of Ms. Ivery ultimately resulted in her death, Martin has now been charged with her murder, which is one of the crimes for which he will be tried at his guilt/innocence trial.

Our review of the record shows that Ms. Wright's testimony was presented by the State at the sentencing trial to help meet its burden to prove beyond a reasonable doubt the alleged statutory aggravating circumstances and that it included Ms. Wright's account of Martin's alleged commission of her own rape, the murders of her son and her grandfather, and the aggravated battery of her grandmother that ultimately resulted in a third murder charge against Martin for her death. The State seeks the admission of this testimony at Martin's guilt/innocence trial to help meet its burden to prove beyond a reasonable doubt that he is guilty of these crimes. At both proceedings, "it would be to [Martin]'s benefit to show that . . . the witness [was] not competent to testify as to certain facts essential to the [S]tate's case, . . . or that other material defects or misstatements were present in the testimony." *State v. Ricks*, 122 Idaho 856, 865 (840 P2d 400) (1992). Moreover, the record shows that the trial court imposed no limitations on Martin's cross-examination of Ms. Wright. The fact that defense counsel did not extensively cross-examine her does not establish that he did not have an adequate opportunity to do so. Thus, we conclude that, in this case, the issue of proof beyond a reasonable doubt of the alleged statutory aggravating circumstances is substantially the same, for OCGA § 24-3-10 purposes, as the issue of ultimate proof of guilt and, therefore, that the sentencing trial provided Martin a meaningful opportunity to cross-examine Ms. Wright. See *Prater*, supra, 148 Ga. App. at 838 (5) (A) (2) (a). Accordingly, we find that the trial court did not err in denying Martin's motion in limine. However, we express no opinion on whether portions of Ms. Wright's prior testimony might be subject to any other form of objection.

2. As our discussion in Division 1 shows, Ms. Wright is unavailable for trial, and Martin was afforded an adequate opportunity to cross-examine her. Therefore, the admission of Ms. Wright's prior testimony will not violate the Confrontation Clause. *Crawford*, supra, 541 U. S. at 68 (V) (C) (holding that "the Sixth Amendment demands . . . unavailability and a prior opportunity for cross-examination" in order for testimonial hearsay evidence to be admissible at trial). See 4 LaFave, Criminal Procedure § 14.1 (d), p. 286 (3d ed. 2007) (noting that "for confrontation clause purposes, the 'adequacy of [the] opportunity to conduct meaningful cross-examination focuses primarily not on the practical realities facing

counsel . . . but rather upon the scope and nature of the opportunity for cross-examination permitted by the court.' [Cit.]''').

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 27, 2008.

*Maurice G. Kenner, Thomas S. Clegg*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Anna G. Cross, Bettieanne C. Hart*, Assistant District Attorneys, *Thurbert E. Baker*, Attorney General, *Susan V. Boleyn*, Senior Assistant Attorney General, for appellee.